**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

No. 99-20437
_____

DIEGO ALFARACHE,

                                        Petitioner-Appellant,

versus

RICHARD CRAVENER, District Director,
Houston District, Immigration and
Naturalization Service

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

February 22, 2000

Before GARWOOD, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:

The Immigration and Naturalization Service ("INS") brought deportation proceedings against Petitioner-Appellant Diego Alfarache, charging that he was subject to deportation for, inter alia, having been convicted of an aggravated felony and a controlled substance offense. The immigration judge ("IJ") ordered that Alfarache be deported and the Board of Immigration Appeals ("BIA") dismissed Alfarache's appeal. Alfarache then brought the instant habeas corpus action under 28 U.S.C. § 2241, collaterally attacking the deportation order.

The INS argues that the district court erred when it exercised

jurisdiction over Alfarache's habeas petition.  Recently, in Requena-Rodriguez v. Pasquarell,[1] we considered the INS's arguments on this point.  Requena-Rodriguez is factually indistinguishable from the instant proceeding in all material respects.  In that case we concluded that "§ 2241 habeas jurisdiction remains in transitional cases where [8 U.S.C.] § 1252(g) does not apply."[2] The INS concedes that this case is governed by the transitional rules and that 8 U.S.C. § 1252(g) does not apply.  It necessarily follows from our Requena-Rodriguez decision, then, that the district court had jurisdiction over Alfarache's § 2241 habeas corpus petition, and we so hold.

On the merits, Alfarache makes four arguments.  First, he contends that both the IJ and the BIA erred when they concluded that § 440(d) of the Antiterrorism and Effective Death Penalty Act ("AEDPA") ── a provision that limits the Attorney General's discretion to grant relief from deportation pursuant to § 212(c) of the Immigration and Nationality Act ("INA") ── applies to convictions (like his) that predated the enactment of AEDPA.  We considered and rejected the same argument in Requena-Rodriguez.[3] There we held that "pre-AEDPA convictions can trigger AEDPA § 440(d)," at least when an application for INA § 212(c) relief was

_____

[1]190 F.3d 299 (5th Cir. 1999).

[2]Requena-Rodriguez v. Pasquarell, 190 F.3d 299, 306 (5th Cir. 1999).

[3]190 F.3d at 307-08.

not pending on the date that AEDPA took effect.[4] Alfarache filed his application for discretionary relief under INA § 212(c) after the effective date of AEDPA. In accordance with our decision in Requena-Rodriquez, we hold that AEDPA § 440(d) prohibits Alfarache's seeking discretionary relief from deportation under INA § 212(c).

Second, Alfarache argues that if AEDPA § 440(d) applies to prisoners who were convicted prior to the effective date of AEDPA (as we have held), then the statute violates his right to equal protection. AEDPA § 440(d) added a sentence to INA § 212(c) that prevents the attorney general from affording discretionary relief to aliens in deportation proceedings; the amendment does not apply, however, to aliens in exclusion proceedings. Alfarache argues that there is no rational basis on which to distinguish between aliens in deportation proceedings and those in exclusion proceedings. We considered and rejected the same argument in Requena-Rodriquez. There we explained that:

> Congress's more lenient treatment of excludable as distinct from deportable aliens . . . creates an incentive for deportable aliens to leave the country—which is after all the goal of deportation—without their having to be ordered to leave at the government's expense. To induce their voluntary departure, a little carrot is dangled before them, consisting of the opportunity to seek a waiver should they seek to return to the country and by doing so

---

[4]Id. at 307.

trigger exclusion proceedings.[5]

In Requena-Rodriquez we concluded that this was a "facially legitimate and bona fide reason," and that it defeats the petitioner's equal protection argument.[6] It defeats Alfarache's equal protection argument for the same reason.

Third, Alfarache argues that applying AEDPA § 440(d) to preclude his ability to apply for INA § 212(c) discretionary relief violates his constitutional right to due process. He asserts that this is so because, if the INS had commenced deportation proceedings sooner or if his case had proceeded more expeditiously, then his application for discretionary relief might have been processed before AEDPA § 440(d) took effect.

Unlike a criminal defendant, an alien in deportation proceedings has no constitutional right to a speedy proceeding.[7] Furthermore, the relief to which Alfarache may have been entitled under INA § 212(c) "was couched in conditional and permissive terms. As a piece of legislative grace, it conveyed no rights, it conferred no status."[8] That being so, we hold that there has been no denial of Alfarache's right to due process.

---

[5]Requena-Rodriquez, 190 F.3d at 309 (quoting LaGuerre v. Reno, 164 F.3d 1035, 1041 (7th Cir. 1998)).

[6]Id.

[7]See Doherty v. Thornburgh, 943 F.2d 204, 209 (2d Cir. 1991); Prito v. Gluch, 913 F.2d 1159, 1161 (6th Cir. 1990).

[8]Cadby v. Savoretti, 256 F.2d 439, 443 (5th Cir 1958).

-4-

Fourth and finally, Alfarache argues that the BIA and the IJ erred when they concluded that he is deportable under INA § 241(a)(2)(A)(iii). This section provides that aliens who have committed "aggravated felonies" are deportable. Alfarache asserts that this section does not apply to him because the offense of which he was convicted, i.e., conspiracy to participate in a racketeering enterprise in violation of 18 U.S.C. § 1962(d), was not an "aggravated felony" as that term was defined in the version of INA § 101(a)(43) that was in effect at the time deportation proceedings were commenced against him.

After the INS initiated deportation proceedings against Alfarache, but before the IJ and the BIA had ruled on his case, the statutory definition of "aggravated felony" was expanded by AEDPA to include "an offense described in [18 U.S.C. § 1962] for which a sentence of one year imprisonment or more may be imposed."[9] AEDPA also inserted the following provision regarding retroactive application: "Notwithstanding any other provision of law (including effective date), the term ["aggravated felony"] applies regardless of whether the conviction was before, on, or after the date of enactment of this paragraph."[10]

Alfarache concedes that he committed such an offense; however, he argues that, because this language evidencing congressional

---

[9]INA § 101(a)(43), 8 U.S.C. § 1101(a)(43).

[10]Id.

intent that the provision apply retroactively appears in a definitional provision (INA § 101(a)(43)) rather than the provision assigning legal consequences to the definition (INA § 241(a)(2)(A)(iii)), Congress has not expressed its intent that the new definition apply retroactively with sufficient clarity to overcome the presumption against retroactivity.  Like the other Courts of Appeals that have considered the question, we hold that the legal consequences that attach to the new definition apply retroactively.[11]  The BIA and the IJ were thus correct in their conclusions that Alfarache had been convicted of an aggravated felony.

For the forgoing reasons the summary judgment granted by the district court is in all respects

AFFIRMED.

---

[11]See Ortiz v. INS, 179 F.3d 1148, 1155-56 (9th Cir. 1999); Valderrama-Fonseca v. INS, 116 F.3d 853, 856-57 (9th Cir. 1997); Choeum v. INS, 129 F.3d. 29, 36 (1st Cir. 1997).  Accord Moosa v. INS, 171 F.3d 994 (5th Cir. 1999).  In his argument, Alfarache relies primarily on Lettman v. Reno, 168 F.3d 463 (11th Cir. 1999) rehearing granted and opinion vacated in part 185 F.3d 1216. Although the original opinion in that case did support Alfarache's argument, after Alfarache filed his brief, the Eleventh Circuit granted the government's petition for rehearing and vacated the decision relied on by Alfarache.  See id.