IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-31407
(Summary Calendar)
_____

FADI CHAHINE,

                                        Plaintiff-Appellant,

versus

IMMIGRATION AND NATURALIZATION SERVICE;
JANET RENO; DORIS MEISSNER; LYNNE
UNDERDOWN; U.S. DEPARTMENT OF JUSTICE,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
(99-CV-1660)
--------------------
January 8, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Fadi Chahine, a permanent resident alien, appeals the dismissal of his 28 U.S.C. § 2241 habeas corpus petition for lack of jurisdiction, pursuant to 8 U.S.C. § 1252(a)(2)(C). Chahine sought habeas relief from a removal order issued pursuant to a proceeding instituted by the Immigration and Naturalization Service ("INS"). The INS instituted removal proceedings because Chahine had been convicted of the "aggravated felony" of distribution of heroin in 1992. Chahine argued in his

[*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

administrative proceedings and in his § 2241 petition that he was entitled to a "waiver of deportability" under the former 8 U.S.C. § 1182(c). Chahine argues for the first time in the instant petition and in this appeal that the INS, during administrative proceedings, erroneously applied to him the "permanent" rules of 1996 immigration-law amendments contained in the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"). According to Chahine, the allegedly improper application of the IIRIRA's "permanent" rules resulted in a finding by the district court that it lacked jurisdiction over his 28 U.S.C. § 2241 petition. He maintains that under the IIRIRA's "transitional" rules, which should have been applied to him, jurisdiction does exist.

Chahine failed to raise arguments about the applicability of the "transitional" rules in administrative proceedings before the Immigration Judge and the Board of Immigration Appeals. "As a matter of jurisdiction, courts may not review the administrative decisions of the INS unless the appellant has first exhausted 'all administrative remedies.'" Cardoso v. Reno, 216 F.3d 512, 518 (5th Cir. 2000); see 8 U.S.C. § 1252(d). Accordingly, the federal courts are without jurisdiction over Chahine's contentions that the "transitional" rules should apply to him, and the district court's judgment is AFFIRMED as to these claims. See Cardoso, 216 F.3d at 518.

Chahine's argument that § 212(c)'s waiver of deportability provisions should have applied retroactively is meritless.

2

See Requena-Rodriguez v. Pasquerell, 190 F.3d 299, 308 (5th Cir. 1999). His claim that the IIRIRA amendments violate his equal-protection rights likewise lacks merit because he has failed to show that the statutory classifications in those amendments are not rationally related to a legitimate governmental purpose. See Clark v. Jeter, 486 U.S. 456, 461 (1988). Chahine's due-process claim fails as well because the relief prescribed by the former 8 U.S.C. § 1182(c) was couched in "conditional and permissive terms." See Alfarache v. Cravener, 203 F.3d 381, 383 (5th Cir.), cert. denied, 121 S. Ct. 46 (2000). As to these remaining claims, the judgment of the district court is affirmed.

Chahine's December 13, 2000, Motion to Hold Case in Abeyance is denied.

AFFIRMED.