United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 30, 2004**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 03-30939
Summary Calendar

IVAN THEOPHILUS JOSEPH,

Petitioner-Appellant,

versus

JOHN ASHCROFT; JOHN W. ZIGLAR; CHRISTINE G. DAVIS; EDWARD J.
MCELROY; BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT;
UNITED STATES DEPARTMENT OF JUSTICE,

Respondents-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(02-CV-1006)

Before BARKSDALE, EMILIO M. GARZA and DENNIS, Circuit Judges

PER CURIAM:[*]

Ivan Joseph appeals, *pro se*, the denial of his 28 U.S.C.
§ 2241 habeas petition challenging his deportation order. (His
motions for appointment of counsel and release pending appeal are
**DENIED.**)

Joseph claims he was denied his right to counsel during his
deportation proceeding and, as a result, was deprived of his rights
to apply for an adjustment of status under § 245(a) of the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Immigration and Nationality Act (INA) and for a discretionary waiver under INA § 212(c). Joseph filed a motion in the Board of Immigration Appeals (BIA) to reopen/reconsider his deportation proceeding in order to present these claims. The motion was denied as untimely. Because Joseph does not contest that timeliness ruling, the issue is waived. *See* ***Yohey v. Collins***, 985 F.2d 222, 224-25 (5th Cir. 1993).

Joseph also claims he was eligible to apply for, and was entitled to, a discretionary waiver of removal under INA § 212(c). Joseph is correct that § 304(b) of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) and § 404(d) of the Antiterrorism and Effective Death Penalty Act (AEDPA) did not apply to his deportation proceeding because his proceeding commenced before their effective dates. *See* ***INS v. St. Cyr***, 533 U.S. 289, 318 (2001); 8 C.F.R. § 212.3(g). Contrary to Joseph's contentions, however, under the law in effect prior to the IIRIRA and AEDPA, he was not entitled to § 212(c) relief. The term "aggravated felony" was not defined in the INA until after Joseph's September 1988 conviction, when Congress passed the Anti-Drug Abuse Act (ADAA) in November 1988. Nevertheless, application of the ADAA to his conviction has no impermissible retroactive effect. *See* ***Scheidemann v. INS***, 83 F.3d 1517, 1521 & n.5 (3d Cir. 1996) (denying relief on this claim and listing cases from six other circuits rejecting it).

2

Furthermore, Joseph's deportation proceeding was not rendered fundamentally unfair by the INS' delay in proceeding with it. "Unlike a criminal defendant, an alien in deportation proceedings has no constitutional right to a speedy proceeding." *Alfarache v. Cravener*, 203 F.3d 381, 383 (5th Cir. 2000). Moreover, to the extent Joseph contends that eligibility for § 212(c) relief is a liberty or property interest, warranting due process protection, his argument is foreclosed. *See United States v. Lopez-Ortiz*, 313 F.3d 225, 230 (5th Cir. 2002), *cert. denied*, 537 U.S. 1135 (2003).

Because Joseph was released from criminal custody after 8 October, 1998, INA § 236(c) (directing the Attorney General to assume custody over certain categories of criminal or terrorist aliens) is applicable to him; and his argument that the district court erred in determining the law governing his custody status is without merit. *See Matter of Rojas*, 23 I & N Dec. 117 (BIA 2001).

For the first time on appeal, Joseph asserts: he is not deportable under INA § 241(a)(2)(C); he has acquired citizenship through his wife and son; and he is entitled to an INA § 212(h) waiver of deportability. Because Joseph did not assert these claims in his § 2241 petition, we decline to consider them. *See Flores-Garza v. INS*, 328 F.3d 797, 804 n.7 (5th Cir. 2003).

*AFFIRMED; MOTIONS DENIED*