United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 29, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-60610
Summary Calendar

OLUWAFEMI ADEBOLA KYKOYI,

Petitioner,

versus

ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A28 327 914
--------------------

Before REAVLEY, JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:[*]

Oluwafemi Adebola Kukoyi, a native and citizen of Nigeria seeks review of the BIA's denial of his request for discretionary relief pursuant to former § 212(c) of the Immigration and Naturalization Act. As we do not have jurisdiction, we dismiss the petition.

Kukoyi pleaded guilty in 1987 to sexually molesting his step-daughter. Adjudication was deferred and he was placed on probation for ten years. The offense of which Kukoyi was convicted constitutes sexual abuse of a minor, see United States

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. Zavala-Sustaita, 214 F.3d 601, 604 (5th Cir. 2000), which is an aggravated felony under the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA). See 8 U.S.C. § 1101(a)(43)(A); United States v. Rayo-Valdez, 302 F.3d 314, 315-16 (5th Cir. 2002). Accordingly, we do not have jurisdiction to review his petition. See 8 U.S.C. § 1252(a)(2)(C); Nehme v. INS, 252 F.3d 415, 420 (5th Cir. 2001).

We decline to consider Kukoyi's assertion that he is not an alien. He admitted in the removal proceedings that he was neither a citizen nor national of the United States, and he contested his status for the first time in his reply brief. See Goonsuwan v. Ashcroft, 252 F.3d 383, 390 n.13 (5th Cir. 2001); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993). We similarly do not consider the documents he provided as they were not part of the record, see Goonsuwan, 252 F.3d at 390 n.15, and which, in any event, do not demonstrate that he is a United States national.

We reject Kukoyi's argument that the current definition of aggravated felony does not apply to his 1987 conviction. See 8 U.S.C. § 1101(a)(43); Alfarache v. Cravener, 203 F.3d 381, 384 (5th Cir. 2000). Further, his deferred adjudication constituted a conviction for purposes of IIRIRA. See Moosa v. INS, 171 F.3d 994, 1005 (5th Cir. 1999).

DISMISSED.