**Magola De Jesus FLORES–SALGADO**

v.

**John CAPLINGER.**

Civ. A. No. 92–2821.

United States District Court,
E.D. Louisiana.

Jan. 9, 1995.

**1522**

Thomas Perrill Adams, Law Office of Thomas P. Adams, New Orleans, LA, for plaintiff.

Carter Kenneth Derrick Guice, Jr., U.S. Attorney's Office, New Orleans, LA, for defendant.

DUPLANTIER, District Judge.

## REASONS FOR JUDGMENT

By agreement, the parties submitted this case for decision on the merits on the administrative record and memoranda without live testimony. For the following reasons, the case is remanded to the Bureau of Immigration Affairs for an additional evidentiary hearing.

### BACKGROUND

Magola De Jesus Flores–Salgado, a Colombian citizen, entered the United States as a non-immigrant student. Following her marriage to a naturalized American citizen, she was granted permanent resident status on a conditional basis. More than two years later, petitioner and her husband filed an untimely joint petition to remove conditional basis of Ms. Flores' permanent residence (Form I–751). While that petition was pending Ms. Flores requested and received a 90 day advance parole to travel to Colombia, and thereafter she traveled to Colombia. Within the time provided for by the advance

parole, but prior to INS's approval of her Form 1–751, Ms. Flores attempted to return to the United States. Relying upon a 1987 arrest on drug related charges, INS instituted exclusion proceedings against Ms. Flores pursuant to 8 U.S.C. § 1182(a)(23)(B), which provides for the exclusion of [a]ny alien who the ... immigration officers know or has reason to believe is or has been an illicit trafficker in any such controlled substance." [1]

Following an administrative hearing, an immigration judge concluded that there was sufficient "reason to believe" that Ms. Flores had been a controlled substance trafficker. However, the immigration judge continued the proceedings pending a decision on the Ms. Flores' Form I–751. Following approval of the Form I–751, the immigration judge terminated the exclusion proceedings.

INS appealed the decision terminating the exclusion proceedings to the Board of Immigration Appeals (BIA); the BIA concluded that approval of Ms. Flores' Form I–751 did not require the termination of the exclusion proceedings. Additionally, the BIA affirmed the immigration law judge's conclusion that there was reason to believe that Ms. Flores had been a trafficker of a controlled substance and ordered petitioner excluded from the United States.

Ms. Flores filed a motion to reopen and reconsider contending that under *Rosenberg v. Fleuti,* 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963) she was not subject to exclusion because her visit abroad was "brief, casual and innocent" such that she did not effect an "entry" into the United States upon her return from abroad. The BIA denied that motion, concluding that because Ms. Flores' conditional permanent resident status had expired, she did not have a lawful immigration status at the time she departed the United States, and thus the entry exception under *Fleuti* was not applicable.

### LAW

The lawful permanent resident alien status of a conditional resident automatically terminates on the second anniversary of the date on which the alien obtained that status if a

1. 8 U.S.C. § 1182(a)(23)(B) has been recodified at 8 U.S.C. (a)(2)(C).

Form I–751 or Form I–752 is not properly filed within the 90 days immediately preceding the second anniversary. 8 C.F.R. § 216.4(a)(6). However, a Form I–751 may be filed after the expiration of the 90 day period "if the alien establishes to the satisfaction of the director, in writing, that there was good cause for the failure to file Form I–751 within the required time period." *Id.* Although Ms. Flores did not timely file her Form I–751, INA concluded that there was good cause for her untimely application, approved its filing, and granted the application.

■ The determinative issue is what effect, if any, INS's acceptance of the untimely filed Form I–751 had on her immigration status. Because that issue is one of law, I review the BIA's decision that Ms. Flores did not have a lawful immigration status at the time she departed the United States *de novo. Molina v. Sewell,* 983 F.2d 676 (5th Cir. 1993).

■ Once INS accepts a late filed Form I–751, INS regulations do not treat that application any differently than a timely filed application. Moreover, no rational policy could justify denying benefits which are extended to an alien who timely files a Form I–751 to an alien who is permitted by INS to file an otherwise untimely Form I–751. I conclude that the filing of Ms. Flores' application extended her lawful status as a permanent resident on a conditional basis. Thus, she is a member of the class of aliens to which *Rosenberg v. Fleuti,* 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963), may apply.

In *Rosenberg v. Fleuti,* the Supreme Court held that a lawful permanent resident alien who departs the United States for an "innocent, casual, and brief" trip does not effect an "entry" into the United States upon her return and is therefore not subject to exclusion proceedings.

■ Given that Ms. Flores is a member of the class of aliens to which *Fleuti* is applicable, the question of whether Ms. Flores' trip to Colombia was "innocent, casual, and brief" must be addressed. Several factors are to be considered in determining whether a departure meets the *Fleuti* standard: 1) the length of time the alien is away from the United States; 2) whether the purpose of the departure is to accomplish some object which is itself contrary to some policy reflected in United States immigration laws; and 3) whether the alien had to procure travel documents to make the trip.

■ At the administrative hearing, no evidence was presented on the issue of whether Ms. Flores' departure was "brief, casual, and innocent." I note that in considering alternative grounds for denying Ms. Flores' motion to reconsider, the BIA concluded that Ms. Flores' departure was outside the scope of *Fleuti* because she obtained travel documents, i.e., advance parole, indicating that she considered the departure to be one which would meaningfully interrupt her residence in this country. In reaching that conclusion, the BIA stated, "the applicant was able to depart the country only by specifically requesting advance parole from the Service." The basis for that conclusion is unstated; it is my impression that an individual can leave the country at any time. However, assuming that advance parole was necessary to depart the United States, it is unreasonable to conclude on that basis alone that an alien's departure was not innocent, casual, and brief. The alien would be placed in a "Catch 22": she must obtain advance parole to depart lawfully, but by obtaining advance parole she becomes subject to exclusion proceedings.

I disagree with the BIA's conclusion that Ms. Flores was not a member of the class of aliens to which *Fleuti* is applicable. Therefore, I remand this matter to the Bureau of Immigration Affairs for consideration of whether Ms. Flores' trip to Colombia was "innocent, casual, and brief" under the criteria announced in *Rosenberg v. Fleuti,* 374 U.S. 449, 83 S.Ct. 1804, 10 L.Ed.2d 1000 (1963).