United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 10, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**No. 05-60200
Summary Calendar**

**MELVIN RAMIRO MACHADO-ARTOLA,**

**Petitioner,**

**versus**

**ALBERTO R. GONZALES, U.S. ATTORNEY GENERAL,**

**Respondent.**

**Petition for Review of an Order of the
Board of Immigration Appeals
(A78-942-147)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Melvin Ramiro Machado-Artola petitions for review of the Board of Immigration Appeals' (BIA) decision affirming denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He claims: substantial evidence does not support the immigration judge's (IJ) finding he was not persecuted on account of either his membership in a particular social group or his political opinion and was ineligible for relief under the CAT; and the IJ abused his discretion in excluding unauthenticated,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

foreign documents under 8 C.F.R. § 287.6 (detailing the standards for admission of foreign documents as evidence). Because the BIA adopted and affirmed the IJ's decision, that decision is the final agency determination for judicial review. *E.g., Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

Substantial evidence supports the IJ's finding that Machado was *not* persecuted on account of either his membership in a particular social group or his political opinion. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444-45 (5th Cir. 2001). Assuming *arguendo* "whistleblowers" can constitute the requisite particular social group for asylum purposes, the evidence does *not* compel a finding Machado was persecuted because he blew the whistle on his persecutors. It, instead, supports a conclusion that he was persecuted based on a personal dispute. Additionally, Machado has failed to provide compelling evidence that his persecutors were motivated by the alleged political aspects of his refusal to cooperate with the fraudulent timber scheme at issue; instead, it reflects they were interested in only the scheme's economic potential. *See Ontunez-Tursios*, 303 F.3d 341, 352 (5th Cir. 2002).

Machado did not make the showing required to establish eligibility for asylum. Accordingly, he cannot meet the more stringent standard for establishing eligibility for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

2

Machado has failed to brief whether he is entitled to relief under the CAT.  Therefore, that claim is waived.  *See* **Rodriguez v. INS**, 9 F.3d 408, 414 n.15 (5th Cir. 1993).

Finally, Machado has failed to show that he was substantially prejudiced by the exclusion of unauthenticated, foreign documents.  As a result, we do not decide the issue whether they were properly excluded.  *See* **Molina v. Sewell**, 983 F.2d 676, 678 (5th Cir. 1993).

*DENIED*