# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 11, 2007

Charles R. Fulbruge III
Clerk

No. 06-60891
Summary Calendar

PUNEET ARORA

Petitioner

v.

PETER D KEISLER, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A97 843 682

Before KING, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Puneet Arora petitions this court for review of the Board of Immigration Appeals's (BIA) order affirming the Immigration Judge's (IJ) denial of his request for a continuance. Arora sought a continuance of his removal proceedings pending an appeal of the denial of an I-130 petition filed on his behalf.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The grant of a motion to continue lies within the sound discretion of the IJ, who may grant the motion for good cause shown. Witter v. INS, 113 F.3d 549, 555 (5th Cir. 1997); see 8 C.F.R. § 1003.29. An IJ's "decision denying the motion for continuance will not be reversed unless the alien establishes that [the] denial caused him actual prejudice and harm and materially affected the outcome of his case." In re Sibrun, 18 I & N Dec. 354, 356-57 (BIA 1983). To show prejudice, "the alien must specifically articulate the particular facts involved or evidence which he would have presented, and otherwise fully explain how denial of his motion fundamentally changed the result reached." Id. at 357.

Contrary to Arora's assertion, he failed to show good cause. Arora did not demonstrate that the BIA's affirmance of the IJ's denial of a continuance prejudiced him or that it had a material affect on the outcome of his case. See In re Sibrun, 18 I & N Dec. at 356-57. Moreover, the petition was not "prima facie approvable" given that the I-130 petition filed by his wife had been denied. See In re Garcia, 16 I & N Dec. 653, 655-56 (BIA 1978), superseded by statute on other grounds, as stated in Dielmann v. INS, 34 F.3d 851 (9th Cir. 1994). Accordingly, Arora has not shown that the BIA abused its discretion in affirming the IJ's denial of his motion for continuance. See Witter, 113 F.3d at 555.

Arora also argues that the BIA erred in finding that the appeal of the I-130 petition was a collateral matter. This argument, however, is unavailing. The merits of the I-130 petition are not before this court because this appeal is from the BIA's affirmance of the IJ's order of deportation; the IJ had no jurisdiction over the petition for alien relative. See Liu v. INS, 645 F.2d 279, 284-85 (5th Cir. 1981); see also Conti v. INS, 780 F.2d 698, 702 (7th Cir. 1985).

Finally, Arora argues that the denial of the continuance resulted in the denial of a full and fair hearing. The denial of a continuance does not violate due process where an alien fails to show good cause. Ali v. Gonzales, 440 F.3d 678, 681 (5th Cir. 2006). Arora's full and fair hearing argument fails because he has not shown good cause.

PETITION FOR REVIEW DENIED.