# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2020

Lyle W. Cayce
Clerk

No. 18-60891
Summary Calendar

MONICA ARELLANO ESQUIVEL; JENNIFER ARELLANO ARELLANO,

Petitioners

v.

WILLIAM P. BARR, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 118 662
BIA No. A208 118 663

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Monica Arellano Esquivel and her daughter, Jennifer Arellano Arellano, are natives and citizens of Mexico. They petition for review of a decision of the Board of Immigration Appeals (BIA) dismissing their appeal from the order of an immigration judge (IJ) finding them removable, and denying asylum, withholding of removal, and protection under the Convention Against Torture

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60891

(CAT).  Arellano Esquivel and her daughter first contend, in reliance on *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), that the immigration court lacked jurisdiction because the omission in the Notice to Appear (NTA) of the time and date of the removal hearing rendered the NTA invalid.  We have determined, however, that *Pereira* addressed only the "'narrow question'" whether an NTA that omits the time or place of the initial hearing triggers the statutory stop-time rule for cancellation of removal, *Mauricio-Benitez v. Sessions*, 908 F.3d 144 (5th Cir. 2018) (quoting *Pereira*, 138 S. Ct. at 2110), *cert. denied*, 139 S. Ct. 2767 (2019), and we have declined to extend the rule in *Pereira* beyond the stop-time rule context, *see Pierre-Paul v. Barr*, 930 F.3d 684, 688-89 (5th Cir. 2019), *petition for cert. filed* (U.S. Dec. 16, 2019) (No. 19-779).  Here, the NTA served on Arellano Esquivel, like the NTA served on her daughter, specified the nature of and the legal authority for the proceedings, and it provided a warning regarding *in absentia* removal.  The NTA was therefore not defective.  *See id.* at 689-90.

The petitioners challenge the IJ's denial of their request to present the testimony of Arellano Esquivel's husband, arguing that the IJ's refusal to allow the testimony violated their due process and statutory rights.  However, the petitioners have failed to make the required showing of substantial prejudice.  *See Anwar v. I.N.S.*, 116 F.3d 140, 144 (5th Cir. 1997); *Molina v. Sewell*, 983 F.2d 676, 678 (5th Cir. 1993).

Next, Arellano Esquivel and her daughter challenge the BIA's determination that a statement by the IJ regarding Arellano Esquivel's membership in a particular social group was a "slip of the tongue."  Because they did not raise this argument in a motion to reopen or reconsider, the issue is unexhausted and must be dismissed.  *See Omari v. Holder*, 562 F.3d 314, 318, 320-21 (5th Cir. 2009); *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

No. 18-60891

Arellano Esquivel and Arellano Arellano also argue that the IJ and the BIA did not meaningfully consider their claim based on imputed political opinion. They did not raise such a claim on appeal to the BIA, and to the extent that they complain regarding the BIA's analysis of the claim, they once again assert an issue that they failed to raise in a motion to reopen or a motion for reconsideration. The petitioners have thus failed to exhaust this issue. *See Omari*, 562 F.3d at 320-21.

Finally, because Arellano Esquivel and her daughter do not present any argument regarding protection under the CAT, they have abandoned the issue. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003).

The joint petition for review is DENIED IN PART and DISMISSED IN PART.