# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 15, 2020

Lyle W. Cayce
Clerk

No. 20-60435
Summary Calendar

Antonio Osorio Diaz, *also known as* Antonio Osorio Diaz,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A219 074 544

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Antonio Osorio Diaz, a native and citizen of Mexico, seeks review of a Final Administrative Removal Order ("FARO") issued pursuant to 8 U.S.C. § 1228(b), which "authorizes the Attorney General to expedite removal of an alien who is not a lawful permanent resident and who is

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60435

deportable for committing an aggravated felony." *Valdiviez-Hernandez v. Holder*, 739 F.3d 184, 187 (5th Cir. 2013). Osorio Diaz does not dispute that he was removable under 8 U.S.C. § 1227(a)(2)(A)(iii) on account of his conviction under 18 U.S.C. § 922(g)(5), an aggravated felony. *See* 8 U.S.C. § 1101(a)(43)(E)(ii). He argues, however, that the agency violated statutes and regulations by failing to serve his counsel with the Notice of Intent to Issue a Final Administrative Removal Order ("NOI") and by failing to timely serve his counsel with the FARO.

To begin, the Attorney General ("AG") contends that Osorio Diaz's petition for review should be dismissed for lack of jurisdiction. And to be sure, we generally have jurisdiction to review "a final order of removal," 8 U.S.C. § 1252(a), though we lack jurisdiction to review removal orders against aliens who have been convicted of an aggravated felony. 8 U.S.C. § 1252(a)(2)(C).

An exception appears in § 1252(a)(2)(D), which provides that "[n]othing in subparagraph (B) or (C) . . . shall be construed as precluding review of constitutional claims or questions of law." § 1252(a)(2)(D). Because Osorio Diaz's claims are based on established facts reflected in the record provided by the agency and the attorney correspondence that this court permitted Osorio Diaz to file, we conclude that Osorio Diaz is raising "questions of law" within the meaning of § 1252(a)(2)(D). *See Guerrero-Lasprilla v. Barr*, 140 S. Ct. 1062, 1067 (2020) (concluding that the phrase "question of law" includes "the application of a legal standard to undisputed or established facts"). We therefore have jurisdiction to review his claims.

As to the substance of these claims, the AG contends that Osorio Diaz's purported counsel, Luke H. Abrusley, was not authorized to appear as his representative during the administrative removal proceedings, and hence, the agency's alleged failure to serve counsel did not violate the law.

No. 20-60435

As a threshold matter, Osorio Diaz responds that this argument should be estopped, because the agency affirmatively misrepresented its requirements.[1] But Osorio Diaz falls short of establishing an estoppel claim, as he has failed to show the agency intended for any claimed misconduct to be acted upon, nor has he demonstrated how he reasonably relied on such conduct to his substantial injury. *See Moosa v. INS*, 171 F.3d 994, 1004 (5th Cir. 1999) ("Valid assertions of equitable estoppel against the Government are rare indeed.").

Further, "[t]o prove that administrative proceedings should be invalidated for violation of regulations, an alien must show substantial prejudice." *Molina v. Sewell*, 983 F.2d 676, 678 (5th Cir. 1993). Osorio Diaz disputes whether a showing of substantial prejudice is necessary to obtain relief in this case. But this argument is to no avail, as our caselaw makes clear that such a showing is necessary. *See id.* (citing *Ka Fung Chan v. INS*, 634 F.2d 248, 258 (5th Cir. Jan. 1981)). And, Osorio Diaz has not made the required showing of substantial prejudice. We therefore need not decide whether there were any violations with respect to the alleged failure to serve Abrusley with the NOI and the alleged delay in serving Abrusley with the FARO.

The petition for review is DENIED.

---

[1] Typically, we do not look outside the administrative record in reviewing an agency's decision. *Goonsuwan v. Ashcroft*, 252 F.3d 383, 390 n.15 (5th Cir. 2001) ("It is a bedrock principle of judicial review that a court reviewing an agency decision should not go outside of the administrative record."). We conditionally granted Osorio Diaz's motion seeking leave to supplement the record, and our consideration of the extra-record attorney correspondence leaves our conclusions unaffected.