# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2022

Lyle W. Cayce
Clerk

No. 19-60606

Su Qin Pan,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A047 598 020

Before Richman, *Chief Judge*, and Clement and Duncan, *Circuit Judges*.

Per Curiam:*

United States Citizenship and Immigration Services (USCIS) denied Su Qin Pan's Form I-751 application to remove the conditions of her permanent residency and terminated her conditional status. The Department of Homeland Security then initiated removal proceedings

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60606

against Pan based on the denial of her I-751. The Immigration Judge (IJ) ordered Pan removed after she failed to present applications for relief. Pan appealed to the Board of Immigration Appeals (BIA), and the BIA affirmed. Pan timely appealed. Because Pan has failed to show substantial prejudice, we affirm.

# I

Su Qin Pan was admitted to the United States in 2000 as a conditional permanent resident based on her marriage to a U.S. citizen. In 2011, she filed a USCIS Form I-751 with the agency to remove the conditions of her permanent residency. Pan submitted affidavits from family members and medical records attesting to the fact that she had entered the marriage in good faith but that her spouse abandoned her, causing severe emotional distress. USCIS denied the petition and terminated her conditional permanent resident status on the basis that her statements regarding the marriage were insufficiently supported. Pan was informed that she could request review of this determination in removal proceedings. DHS initiated removal proceedings in 2017, alleging that Pan was removable because her conditional permanent resident status had been terminated.

Pan appeared, through counsel, in May 2017 at a master calendar hearing. Pan speaks limited English and there was no interpreter available at the hearing, so the IJ continued the hearing until September. The parties took no action at the May hearing except that Pan's counsel conceded service of the notice to appear. At the September hearing, the Executive Office for Immigration Review interpreter phone system was nonfunctional, again leaving Pan without an interpreter. The IJ agreed to continue the case until February, informing counsel that "you'll do pleadings and applications at that time."

Pan's counsel then went on maternity leave, but she did not request a continuance.  Instead, Pan's counsel arranged for substitute counsel to appear on her behalf at the February master calendar hearing.  During the February hearing, the IJ addressed pleadings at which point Pan challenged the charge of removability—the denial of her I-751.  The IJ then addressed applications for relief, and Pan's counsel requested a continuance due to a misunderstanding as to whether they were due at that time.  The IJ reminded counsel that she had set the hearing to go over both pleadings and applications, denied the continuance, and deemed all applications for relief abandoned.  The IJ concluded that Pan's counsel had more than enough time to seek a continuance prior to the hearing and had not shown good cause as to why one should be granted.  The IJ simultaneously ordered Pan removed.

Pan appealed to the BIA.  She argued that she should have been granted the continuance so that she could seek other forms of relief, such as cancellation of removal.  Pan submitted an application for cancellation of removal to the BIA, claiming that she was eligible based on the fact that her mother, allegedly a naturalized U.S. citizen, was infirm and would suffer hardship if Pan was removed.  Pan also argued that she should have been granted a full hearing on the merits of her I-751 denial because her right to review of the I-751 determination was not dependent upon her filing an application.

The BIA agreed that Pan was not required to file a separate application for review of her I-751.  Nevertheless, the BIA affirmed the IJ's decision, finding that Pan had never informed the IJ that she was seeking review of the denial of her I-751.  It also affirmed the IJ's decision not to grant a continuance.  The BIA determined that Pan had not sought a continuance in advance of the hearing despite knowing that counsel was on maternity leave and that she had not shown good cause for one in front of the IJ.  The BIA also noted that Pan had failed to provide additional evidence that her

No. 19-60606

marriage was entered into in good faith.  The Board concluded that Pan had failed to demonstrate that the denial of a continuance to seek cancellation of removal resulted in substantial prejudice, relying on the fact that Pan had not provided evidence of statutory eligibility.

Pan responded by filing a motion for reconsideration in which she conceded that the IJ had set the February hearing for both pleadings and applications but insisted that she was entitled to a full hearing on the merits of her I-751 denial without the need for an application.  The BIA denied that motion, and Pan petitioned this court for review.

For the first time, Pan now frames her argument in terms of due process.  She alleges that the IJ violated her due process rights by: (1) ordering her removed to Vietnam without an evidentiary hearing as to whether she was a citizen of Vietnam; (2) denying her a substantive hearing on the merits of her I-751 denial; (3) failing to require the IJ to conduct a factual inquiry into the forms of relief for which Pan may have been eligible; (4) denying her a substantive hearing where the IJ's comments were ambiguous regarding whether she was required to file applications; (5) denying a substantive hearing when counsel was on maternity leave, a good faith misunderstanding occurred regarding the filing deadline, and she took immediate corrective action; and (6) not reopening or reconsidering her case.  Pan's seventh and final argument is that, as a matter of law, the IJ abused her discretion in denying Pan a continuance.

## II

We must first address exhaustion and forfeiture.  Failure to exhaust an issue before the BIA creates a jurisdictional bar as to that issue.[1]  Subject

---

[1] *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004) (per curiam) (citing *Wang v. Ashcroft*, 260 F.3d 448, 452 (5th Cir. 2001)).

matter jurisdiction is a threshold question this court reviews de novo.[2] To exhaust an issue, the petitioner must raise it before the BIA, "either on direct appeal or in a motion to reopen."[3] The petitioner's argument on appeal need not be identical to the argument raised before the BIA; "[t]he key requirement . . . is that a petitioner must have presented an issue in some concrete way in order to put the BIA on notice . . . ."[4] Additionally, any issues not briefed on appeal are forfeited.[5]

Due process violations are not usually subject to the exhaustion requirement.[6] There is, however, an exception to this rule—procedural errors that are correctable by the BIA.[7] Such procedural errors are still subject to exhaustion despite being couched in terms of due process.[8] "When a petitioner seeks to raise a claim not presented to the BIA and the claim is one that the BIA has adequate mechanisms to address and remedy, the petitioner must raise the issue [before the BIA] prior to resorting to review by the courts."[9] The key inquiry is whether the BIA has the power to

---

[2] *Nat'l Football League Players Ass'n v. Nat'l Football League*, 874 F.3d 222, 225 (5th Cir. 2017).

[3] *Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009).

[4] *Vazquez v. Sessions*, 885 F.3d 862, 868 (5th Cir. 2018).

[5] *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021) ("A party forfeits an argument . . . by failing to adequately brief the argument on appeal."); *see also* FED. R. APP. P. 28(a)(5), (8)(A); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam).

[6] *Roy*, 389 F.3d at 137.

[7] *Id.*

[8] *Id.*; *Goonsuwan v. Ashcroft*, 252 F.3d 383, 389-90 (5th Cir. 2001).

[9] *Goonsuwan*, 252 F.3d at 390.

No. 19-60606

address the alleged error; if it does, then the error must first have been raised to the BIA.[10]

Pan never raised before the BIA the issues of: her citizenship; the IJ's failure to make a factual inquiry into the forms of relief to which she was entitled; or the IJ's alleged ambiguity regarding when applications were due. Pan's requested remedy as to each of these is that this court remand to the BIA so that the BIA can remand to the IJ. This all but concedes that the error is correctable at the BIA—by remanding. Accordingly, Pan did not exhaust these arguments, and this court lacks jurisdiction to hear them.[11]

Similarly, Pan's argument that the BIA violated her due process rights by denying her motion for reconsideration is not briefed beyond a single mention. It is forfeited.[12]

Pan raised the issues of her I-751 and continuance before the BIA. At this court, she has couched her arguments in terms of due process for the first time, but this does not necessarily leave them unexhausted. The key inquiry is whether she has presented these arguments to the BIA such that the agency was put on notice.[13] At the BIA, Pan did little else other than argue that the IJ erred as to her I-751 and continuance. She has exhausted her

---

[10] *See id.* at 390 n.13 (citing *Bernal-Vallejo v. INS*, 195 F.3d 56, 64 (1st Cir. 1999) (holding that because the BIA had procedures in place for addressing the alleged violation it must first have been raised in front of the BIA)).

[11] *See Omari v. Holder*, 562 F.3d 314, 318 (5th Cir. 2009); *Goonsuwan*, 252 F.3d at 390 n.13.

[12] *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

[13] *Vazquez v. Sessions*, 885 F.3d 862, 868 (5th Cir. 2018).

administrative remedies.[14]  The denial of the I-751 and continuance are the only arguments this court has the power to consider on appeal.

Finally, the government argues that Pan has forfeited *all* of her arguments by failing to brief them adequately.  As we have concluded that we have jurisdiction over only Pan's arguments concerning the I-751 and continuance, we will only consider the government's argument as it relates to those two issues.  It is true that any issues not briefed on appeal are forfeited.[15]  It is equally true that Pan devotes almost the entirety of her brief to the I-751 and continuance issues.  These issues are not forfeited.

### III

This court only has jurisdiction over Pan's appeal as it relates to the denial of her I-751 and her motion for a continuance.  Pan alleges a due process violation for both issues.  She also asserts that the IJ abused her discretion in denying the continuance.

### A

Alleged due process violations are reviewed de novo.[16]  Noncitizens in removal proceedings are protected by the Due Process Clause.[17]  But "[t]o prevail on a claim regarding an alleged denial of due process rights, an alien must make an initial showing of substantial prejudice."[18]  A noncitizen shows substantial prejudice by making a "prima facie showing that the alleged

---

[14] *See Omari*, 562 F.3d at 318.

[15] *See Rollins*, 8 F.4th at 397; *see also* Fed. R. App. P. 28(a)(5), (8)(A); *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (per curiam).

[16] *De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004).

[17] *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018) (citing *Manzano-Garcia v. Gonzales*, 413 F.3d 462, 470 (5th Cir. 2005) (per curiam)).

[18] *Id.* (citing *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997)).

violation affected the outcome of the proceedings."[19]  A noncitizen satisfies this standard by making out a prima facie case for relief supplemented by "a strong showing in support" of their application.[20]

To prevail on her due process claim regarding the denial of her I-751, Pan must make a strong showing that she would be eligible for relief on her I-751 application.[21]  To prevail on her I-751 argument, Pan must show that she was married in good faith and then treated cruelly and abandoned by her then-husband.[22]  Pan offers nothing more than barebones medical records to support her argument.  The medical records do not even purport to establish a connection between her medical condition and the alleged abandonment she suffered.   Further, these records are the same evidence that she submitted to USCIS and they are from several years after Pan suffered the alleged abandonment.  The records also do nothing to establish that Pan entered the marriage in good faith.  This is not a strong enough showing to establish substantial prejudice regarding the denial of Pan's I-751.[23]

---

[19] *Id.* (first citing *Ogunfuye v. Holder*, 610 F.3d 303, 306-07 (5th Cir. 2010); and then citing *Anwar*, 116 F.3d at 144-45).

[20] *See Anwar*, 116 F.3d at 144 ("Anwar must make a prima facie showing that he was eligible for asylum and that he could have made a strong showing in support of his application."); *Ogunfuye*, 610 F.3d at 307 (finding no violation of due process because the only reason offered for not submitting a necessary document was attorney neglect).

[21] *See Anwar*, 116 F.3d at 144.

[22] 8 C.F.R. §§ 216.5(a)(1)(i)-(iii), 1216.5(a)(1)(i)-(iii) (2021).

[23] *See Anwar*, 116 F.3d at 144 (finding no due process violation because noncitizen failed to offer evidence demonstrating entitlement to relief); *Bolvito v. Mukasey*, 527 F.3d 428, 438 (5th Cir. 2008) ("On appeal, the petitioners fail to explain what evidence they were unable to submit or elicit at the master calendar hearing, nor do they offer any additional legal arguments that they did not present to the IJ."). *Cf. Molina v. Sewell*, 983 F.2d 676, 680 (5th Cir. 1993) (finding requisite prejudice when noncitizen identified the evidence he would have offered had he been advised of his right to present evidence at his exclusion proceedings).

No. 19-60606

Nor does Pan offer a strong showing in support of her argument in favor of a continuance. "[T]he denial of a continuance does not violate due process where an alien fails to show good cause."[24] Pan has the burden of showing good cause,[25] and the BIA has made clear that when, as here, the motion is based on lack of time to prepare, the noncitizen must show how the denial caused "actual prejudice and harm and materially affected the outcome of [her] case."[26]

To prevail on her due process claim stemming from the denial of her continuance motion, Pan must show that the grant of a continuance would have affected the outcome of the case by, for example, allowing her to put forward a meritorious claim for relief. At the BIA, Pan submitted an application for cancellation of removal, but she failed to offer any significant evidence in support. She claims that her mother is an infirm, U.S. citizen but she offered not so much as even a record of her mother's birth certificate or naturalization documentation. Nor does she offer any evidence that her mother is, in fact, infirm. In short, Pan has done nothing to demonstrate that her removal would cause the "exceptional and extremely unusual hardship" necessary to sustain an application for cancellation of removal.[27] There is nothing before this court that convinces us that Pan has made a "strong

---

[24] *Ali v. Gonzales*, 440 F.3d 678, 681 (5th Cir. 2006) (per curiam).

[25] *Ramchandani v. Gonzales*, 434 F.3d 337, 338 (5th Cir. 2005).

[26] *Matter of Sibrun*, 18 I&N Dec. 354, 356-57 (B.I.A. 1983) (cited by this court in unpublished cases, e.g., *Mejia-Oviedos v. Sessions*, 728 F. App'x 277, 279 (5th Cir. 2018) (per curiam); *Arora v. Keisler*, 250 F. App'x 615, 616 (5th Cir. 2007) (per curiam)).

[27] *See* 8 U.S.C. § 1229b(b)(1)(A)-(D) (requiring that the noncitizen's removal cause "exceptional and extremely unusual hardship to the alien's . . . parent . . . who is a citizen of the United States or an alien lawfully admitted for permanent residence").

showing in support" of her application such that a remand would actually change the outcome of the case.[28]

Pan has failed to make a strong showing of support for either of her due process arguments. They necessarily fail, and this court need not reach the question of whether a due process violation actually occurred.

**B**

Decisions to deny a continuance are reviewed for abuse of discretion.[29] There is no abuse of discretion so long as the decision is "not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach."[30]

Pan's abuse of discretion argument fails. It is not an abuse of discretion if the IJ offers a "perceptible rational approach" to the denial of a continuance.[31] The IJ did just that when she criticized counsel for not bringing the motion at any point prior to the third master calendar hearing. Pan's counsel has conceded several times that the IJ informed her that the February hearing would be for applications as well as pleadings, and Pan has not offered a single reason why counsel did not seek a continuance before the hearing.

---

[28] *Anwar*, 116 F.3d at 144.

[29] *Masih v. Mukasey*, 536 F.3d 370, 373 (5th Cir. 2008).

[30] *Cabral v. Holder*, 632 F.3d 886, 890 (5th Cir. 2011) (quoting *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007)).

[31] *Id.*

No. 19-60606

\*     \*     \*

The judgment of the Board of Immigration Appeals is AFFIRMED, and Pan's petition for review is DENIED.