UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 99-40123
_____


ISAIAS TOSCANO-GIL,

Petitioner-Appellee,

versus

E.M. TROMINSKI, District Director, Immigration &
Naturalization Service; JANET RENO, U.S.
Attorney General; UNITED STATES OF AMERICA,

Respondents-Appellants.
_____

Appeal from the United States District Court
for the Southern District of Texas
_____

April 20, 2000


Before BARKSDALE, BENAVIDES, and STEWART, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

The linchpin to the Government's challenge to the 28 U.S.C. § 2241 habeas relief granted excludable alien Isaias Toscano-Gil is whether he states a cognizable constitutional claim by asserting that, in denying him a waiver of inadmissibility, the Board of Immigration Appeals violated his right to procedural due process by characterizing his DWI arrest as a conviction and failing to discuss certain relevant factors or distinguish BIA precedent. Because such contentions do *not* state a cognizable constitutional claim, we **REVERSE** and **DISMISS**.

I.

Mexican native and citizen Toscano, a permanent United States resident since 1987, was arrested in March 1996 on returning from a brief trip to Mexico, when Immigration and Naturalization Service Agents found approximately 52 pounds of marijuana in his vehicle's fuel tank. Toscano pleaded guilty to a Texas state charge of marijuana possession and received five years probation.

The INS began exclusion proceedings in May 1996 under § 212(a)(2)(C) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(2)(C), on the grounds that immigration authorities had reason to believe Toscano was involved in illicit trafficking of a controlled substance. Toscano conceded he was excludable on this basis. But, he sought a *waiver* of inadmissibility, pursuant to former INA § 212(c), 8 U.S.C. § 1182(c): "Aliens lawfully admitted for permanent residence who temporarily [go] abroad ... and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted *in the discretion* of the Attorney General...." (Emphasis added.)[1]

In January 1997, the Immigration Judge granted Toscano's application, finding: he had demonstrated "unusual and

---

[1]INA § 212(c) was repealed effective 1 April 1997. *See* Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub. L. No. 104-208, § 304(b), 110 Stat. 3009-597 (1996); *see, e.g.*, **Morales-Ramirez v. Reno**, No. 99-2065, 2000 WL 375430, at *4 (7th Cir. 13 April 2000). Under § 304(b), criminal aliens are ineligible for waivers of exclusion. *See* INA § 240A, 8 U.S.C. § 1229b (replacing INA § 212(c)).

outstanding" equities; it was "highly unlikely" he would become a repeat offender; and relief was warranted under BIA precedent.

The Government appealed. In May 1998, the BIA, by a two to one decision, vacated the IJ's decision and ordered Toscano excluded and deported.

The BIA majority found Toscano's employment history to be favorable. It noted his wife and children were residing illegally in this country, while his siblings were lawful permanent residents. Toscano's "length of residence and family ties in this country" were determined to be "favorable factors, but *not* unusual or outstanding equities". (Emphasis added.) And, the majority decided that, in considering Toscano's knowledge of the marijuana, the IJ had "improperly reexamined [his] guilt". It concluded:

> [The] equities do *not* outweigh the adverse factors. The record reflects that [Toscano] committed a *serious criminal act*. Specifically, [he] attempted to smuggle 52 pounds of marijuana into this country. [He] pled guilty to the crime of possession of marijuana. Moreover, [he] conceded that he was arrested *and convicted* in 1993 for driving under the influence.
>
> While we are mindful that the applicant will likely suffer hardship as the result of the applicant's exclusion and deportation, this is a consequence of the applicant's behavior, actions for which he alone is responsible. Moreover, the applicant's family is residing in this country illegally. Although we recognize the economic hardships that exist in Mexico, the record reflects that the applicant has family in Mexico.

3

> *When we consider all the evidence that the applicant and his witness presented regarding his equities, we simply do not find that he demonstrated that these equities outweigh the adverse factors.* In particular, we find that granting discretionary relief to the applicant does not appear to be in the best interest of this country. ***Matter of Burbano***, 20 I&N Dec. 872 (BIA 1994); ***Matter of Marin***, 16 I&N Dec. 581 (BIA 1978).

(Emphasis added.)

The dissent, on the other hand, found: Toscano's 18 years' residence in this country was an outstanding equity; his wife and children were seeking legal status; and the majority "minimize[d] the hardship" of his deportation on them. The dissent also noted: Toscano's conviction for possession "was his only criminal conviction"; and "the majority's opinion [did not] provide any authority ... that the favorable exercise of discretion" was inconsistent with BIA precedent.

In June 1998, Toscano filed a habeas petition in federal district court. It concluded it had jurisdiction under 28 U.S.C. § 2241(c)(1) and (c)(3) ("where statutory review is unavailable, or where the petitioner did not deliberately by-pass available statutory procedures").

The court found: in adjudicating Toscano's waiver request, the BIA failed to consider rehabilitation; failed to consider all of the equities cumulatively; mischaracterized a prior arrest for DWI as a conviction; and "neither followed, nor distinguished, prior precedent decisions ... where ... similar equities" warranted

4

relief. ***Toscano-Gil v. Trominski***, No. CA B-98-89, slip op. at 3-4 (S.D. Tex. Dec. 4, 1998). It held that "procedural Due Process" is violated "where, as here, the [BIA] fails to follow (or distinguish) its own precedent, neglects to take into consideration such crucial matters as rehabilitation, and misstates such important facts as ... criminal history". ***Id.*** at 6.

## II.

The Government contests the district court's exercise of § 2241 jurisdiction and its due process holding.

The exclusion proceedings were initiated prior to 1 April 1997, and concluded more than 30 days after the 30 September 1996 enactment of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009-546 (1996). *See* note 1, *supra*. Therefore, this case is governed by IIRIRA's transitional rules. *See **Requena-Rodriguez v. Pasquarell***, 190 F.3d 299, 302-03 (5th Cir. 1999).

***Requena-Rodriguez***, rendered while this appeal was pending, held: "§ 2241 habeas jurisdiction continues to exist under IIRIRA's *transitional rules* in cases involving final orders of deportation against criminal aliens" (*except* where 8 U.S.C. § 1252(g), quoted below, applies)[2]; and such review "is capacious enough to include

---

[2] "Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings,

constitutional and statutory challenges" (such as the retroactivity and equal protection claims at issue there), which we *cannot* consider on direct review, and "which would have been cognizable even at the lowest pre-IIRIRA ebb of immigration habeas jurisdiction". *Requena-Rodriguez*, 109 F.3d at 305-06 (emphasis added). *See **Alfarache v. Cravener***, 203 F.3d 381, 382 (5th Cir. 2000) (upholding district court's exercise of jurisdiction in case "factually indistinguishable" from *Requena-Rodriguez*).

The Government asserts that, unlike in *Requena-Rodriguez*, § 2241 habeas jurisdiction does *not* exist here, because: Toscano is *excludable*, rather than deportable; and he is contesting the Attorney General's (AG) *discretionary denial* of relief under former § 212(c), described *supra*. *See **Ashby v. INS***, 961 F.2d 555, 557 (5th Cir. 1992) (noting AG's "unusually broad discretion" for § 212(c) waivers).[3]

We need *not* reach the jurisdictional questions presented by the Government if Toscano has *not* stated a cognizable constitutional claim. Such a claim is a prerequisite for the §

---

adjudicate cases, or execute removal orders against any alien under this chapter." 8 U.S.C. § 1252(g).

[3]***Max-George v. Reno***, 2000 WL 220502, at *8 (5th Cir. 24 Feb. 2000), holds that, for cases involving "aggravated felons", 8 U.S.C. § 1101(a), the IIRIRA's *permanent rules* "channel all judicial review of final orders of removal by the INS to petitions for review filed in the courts of appeals", eliminating § 2241 habeas review. As noted, Toscano's case falls under the *transitional* rules.

2241 jurisdiction he claims. Toscano asserts a due process violation.

Pursuant to the Fifth Amendment, aliens in deportation proceedings are entitled to due process. *Reno v. Flores*, 507 U.S. 292, 306 (1993). We review a due process claim *de novo*. *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993). The alien must demonstrate substantial prejudice. *Anwar v. INS*, 116 F.3d 140, 144 (5th Cir. 1997).

As noted, the district court held the BIA denied Toscano "procedural due process" by mischaracterizing his DWI arrest as a conviction; and by failing to consider rehabilitation, to consider the equities cumulatively, and to follow or distinguish precedent.

These claims, according to the Government, are the type properly reviewed for abuse of discretion, *not* for denial of due process. In support, it cites several Supreme Court cases. *E.g.*, *Immigration & Naturalization Serv. v. Yang*, 519 U.S. 26, 32 (1996) ("irrational departure" from "general policy" governing exercise of administrative discretion "could constitute ... an abuse of discretion"); *United States ex rel. Vajtauer v. Commissioner of Immigration*, 273 U.S. 103, 106 (1927) (alien may establish due process violation by showing he was deported "without a fair hearing or on charges unsupported by any evidence .... *not* ... by showing merely that the decision is erroneous" (emphasis added)); *United States ex rel. Tisi v. Tod*, 264 U.S. 131, 132, 134 (1924)

7

("mere error, even ... finding an essential fact without adequate supporting evidence, is *not* a denial of due process" (emphasis added)). It also cites numerous cases where we have applied an abuse of discretion standard to similar claims in petitions for review. *See, e.g.*, **Opie v. INS**, 66 F.3d 737, 739-40 (5th Cir. 1995) (applying abuse of discretion standard where petitioner claimed BIA erroneously emphasized falsehoods in his nonimmigrant visa application and minimized hardships).[4]

Toscano responds that his claims "go to the heart" of due process, claiming the BIA "failed to give meaningful consideration to his application" and supporting evidence, therefore denying him the opportunity to be heard in "a meaningful manner". In support, he cites **Kwock Jan Fat v. White**, 253 U.S. 454, 457-58 (1920) (immigration orders are "final, and conclusive upon the courts, unless ... the proceedings were manifestly unfair, were such as to prevent a fair investigation, or show manifest abuse of the discretion ... or ... authority was not fairly exercised" (internal quotation marks and citations omitted)). He also cites several of our cases. *E.g.*, **Zamora-Garcia v. INS**, 737 F.2d 488, 490-91 (5th Cir. 1984) (courts of appeals may review deportation decisions "'procedurally' to ensure that the complaining alien has received

---

[4]The Government maintains that the BIA did *not* abuse its discretion, citing, *e.g.*, **Yahkpua v. INS**, 770 F.2d 1317, 1320 (5th Cir. 1985) (noting BIA is *not* required to render "absolutely consistent" opinions with similar fact patterns).

full and fair consideration of all circumstances", and that each of his claims has been "meaningfully addressed" (internal quotation marks and citation omitted)); *Ramos v. INS*, 695 F.2d 181, 189 (5th Cir. 1983) (BIA *not* required to address evidentiary minutiae or write "lengthy exegeses"; decision need only reflect meaningful consideration of relevant evidence).

Toscano maintains:   the BIA's failure in its opinion to discuss rehabilitation shows its authority was not "fairly exercised"; its unsupported-by-the-record characterization of an arrest as a conviction, and implicit finding that Toscano had *not* shown sufficient rehabilitation, constitutes "a manifest abuse of discretion"; and substantial prejudice was shown, because the district court determined that, but for the BIA's errors, Toscano likely would have been granted relief.

The claimed bases for due process violations, however, do *not* rise to that level. *See Diaz-Resendez v. INS*, 960 F.2d 493, 496-98 (5th Cir. 1992) (applying abuse of discretion standard to claims that BIA improperly weighed equities, failed to follow precedent, and failed to consider hardships or rehabilitation); *Osuchukwu v. INS*, 744 F.2d 1136, 1142 (5th Cir. 1984) (BIA decision must be upheld, even if we disagree with it, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach").

First, Toscano was *not* denied the opportunity to be heard or present evidence. *See **Molina v. Sewell***, 983 F.2d 676, 680 (5th Cir. 1993) (alien *not* given opportunity to put on evidence established requisite prejudice); ***Chike v. INS***, 948 F.2d 961, 962 (5th Cir. 1991) (alien *not* given notice of briefing schedule denied opportunity to be heard).

Second, and needless to say, a factual error is *not* a due process violation. In any event, the critical factor was the marijuana conviction (classified by the BIA as a "serious criminal act"), *not* the erroneous statement about a conviction for the DWI arrest.

Third, the BIA gave full consideration to the evidence presented and to the equities. It decided that the "equities [do *not*] outweigh the adverse factors".

Finally, concerning BIA precedent, the BIA majority cited the primary cases, ***Matter of Burbano*** and ***Matter of Marin***, relied on by the dissent. In this instance, the majority and dissent simply disagree over the application of BIA precedent. Obviously, that is *not* a due process denial.

The BIA dissent provided further matters upon which the majority could reflect. For example, the dissent noted the marijuana incident was Toscano's *only* conviction, and raised the precedent issue. This notwithstanding, Toscano did *not* ask the BIA to reconsider its decision.

10

For § 2241 habeas jurisdiction to even exist per **Requena-Rodriguez**, Toscano must have stated a cognizable constitutional claim. He has *not* done so.[5]

### III.

For the foregoing reasons, the grant of habeas relief is **REVERSED**, and the petition is **DISMISSED**.

*REVERSED and DISMISSED*

---

[5]Jurisdiction *vel non* under § 2241 for abuse of discretion is *not* claimed. And, in the light of our holding, we need *not* address the Government's contention that denials of former § 212(c) relief do *not* implicate due process. *See* **Mejia Rodriguez v. Reno**, 178 F.3d 1139, 1146 (11th Cir. 1999) ("failure to receive relief that is purely discretionary in nature does *not* amount to a deprivation of a liberty interest" (emphasis added)).