United States Court of Appeals
Fifth Circuit

**F I L E D**

May 26, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-10613
Summary Calendar

PAUL OLASENI,

Petitioner-Appellant,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL; JOHN ZIGLAR,
INS Commissioner; FRANCIS HOLMES, INS District Director;
CHARLES MULE, Director Buffalo Federal Detention Facility,

Respondents-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-02084-AH

Before JONES, BENAVIDES and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Paul Olaseni, an Immigration and Naturalization Service ("INS") detainee, has appealed the magistrate judge's order dismissing his 28 U.S.C. § 2241 application for a writ of habeas corpus raising constitutional claims related to removal proceedings, which had been initiated against him because of his 2001 conviction for mail fraud, and to the processing of a visa

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petition filed by his wife. Previously, we denied Olaseni's emergency motion to stay his removal. See Olaseni v. Ashcroft, No. 03-60630 (5th Cir. Sept. 24, 2003) (unpublished, three-judge order).

Olaseni contends that he is not an aggravated felon. Because this issue involves questions of fact and has been raised for the first time on appeal, it has not been considered. See Kelly v. Foti, 77 F.3d 819, 822 (5th Cir. 1996); see also Castillo v. Barnhart, 325 F.3d 550, 553 (5th Cir. 2003).

Olaseni complains that his right to due process was violated because the INS proceedings were conducted in the INS's Dallas district office, rather than its Houston office. He complains that the visa petition was filed long before his 2001 conviction. "[A]liens in deportation proceedings are entitled to due process." Toscano-Gil v. Trominski, 210 F.3d 470, 473 (5th Cir. 2000). To raise a cognizable due process claim, "[t]he alien must demonstrate substantial prejudice." Id.

Because Olaseni's wife was interviewed in Houston, where she resides, Olaseni was not prejudiced by the INS's decision to conduct the administrative proceedings in Dallas rather than Houston. The information gleaned in that interview supported the conclusion that Olaseni's marriage was a sham. Olaseni has not shown that he could have established that the marriage was valid or that it is likely that the visa petition would have been granted if the INS proceedings had been conducted in Houston, rather than

2

Dallas. Nor has he shown that the result would have been different if the visa petition had been processed more expeditiously.

To the extent that Olaseni's argument puts at issue the decision of a magistrate judge of the United States District Court for the Western District of New York to transfer the habeas action from that district to the Northern District of Texas, rather than the Southern District of Texas, Olaseni has not shown that the magistrate judge abused his discretion. See United States v. Lipscomb, 299 F.3d 303, 339 (5th Cir. 2002). Even if the magistrate judge had known that the visa petition was filed in Houston, rather than Dallas, it would have been within his discretion to order that the case be transferred to the Northern District of Texas, as that was the district in which the removal proceedings were pending. Moreover, because Olaseni has not asserted a cognizable constitutional claim, any error in ordering that the case be transferred to Dallas rather than Houston was not reversible. See United States v. Gourley, 168 F.3d 165, 171 (5th Cir. 1999).

The judgment is **AFFIRMED**.

3