United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20597
Summary Calendar

EDWIN OGWUGWUA OGBOLU,

Petitioner-Appellant,

versus

BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CV-5021
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Edwin Ogwugwua Ogbolu, a native and citizen of Nigeria, appeals the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of subject matter jurisdiction. Ogbolu argues that the Board of Immigration Appeals (BIA) violated his due process rights by failing to notify him of its denial of his appeal of the removal order and as a result his motion to reopen was filed late and denied as untimely. The BIA denied his motion to reopen as untimely; in the alternative, the BIA denied his motion because Ogbolu had failed to show meaningful changes in Nigerian conditions since the Immigration Judge's decision and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because he failed to show that it was more likely than not that he would be tortured if he returned to Nigeria. Because the BIA indicated that it would have denied the motion even if it had been timely filed, Ogbolu has not shown that he suffered substantial prejudice as a result of the BIA's failure to notify him of its denial of his appeal. See Toscano-Gil v. Trominski, 210 F.3d 470, 473 (5th Cir. 2000).

Ogbolu also challenged the BIA's factual determination that he did not show that it was more likely than not that he would be tortured if he returned to Nigeria. Ogbolu's disagreement with the BIA's underlying factual determinations does not rise to the level of a due process violation. See id. at 474.

Ogbolu did not allege a cognizable constitutional violation in his 28 U.S.C. § 2241 petition. Therefore, the district court did not err in dismissing his habeas petition for lack of jurisdiction. See Toscano-Gil, 210 F.3d at 473.

For the first time on appeal, Ogbolu argues that: (1) the BIA violated his equal protection rights by failing to notify him of its denial of his appeal; and (2) the BIA erred in denying his motion for a continuance to allow him time to obtain evidence to support his motion to reopen the removal proceeding. It is well established that this court ordinarily does not consider issues raised by the appellant for the first time on appeal. Flores-Garza v. INS, 328 F.3d 797, 804 n.7 (5th Cir. 2003).

AFFIRMED.