# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 25, 2008

Charles R. Fulbruge III
Clerk

No. 07-60346
Summary Calendar

AHMAD OMRAN MAKTABI

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A79 279 282

Before STEWART, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The petitioners, Ahmad Omran Maktabi, his wife, and his two minor children, are natives and citizens of Syria who entered the United States on non-immigrant visas in May 2000 and who admitted removability in October 2004. The Board of Immigration Appeals (BIA) denied their applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The BIA determined that Maktabi had not demonstrated past persecution on account of a protected ground under the Immigration and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nationality Act, but rather had established only that he was involved in a business dispute wherein a rogue officer threatened Maktabi in an effort to cover up his own personal illegal activity. The BIA further determined that Maktabi had not demonstrated a well-founded fear of persecution based on a protected ground if he were to return to Syria. The BIA also denied Maktabi voluntary departure due to his unlawful conduct while in the United States.

The Maktabis argue that Maktabi has a reasonable fear of persecution based upon his membership in a "social group of whistleblowers" and that his actions as a whistleblower were an expression of political opinion. He argues that although his difficulties began as a business dispute, he questioned the illegal activities of a secret police officer and was persecuted as a "whistleblower" as a result. Because they do not make any argument that Maktabi would be subject to torture if returned to Syria, the Maktabis have waived their claim under the CAT. See Mwembia v. Gonzales, 443 F.3d 405, 416 & n.17 (5th Cir. 2006).

Maktabi fails to connect governmental corruption in Syria with the actions of the secret police officer. Nor does he explain how the officer's corruption was intertwined with governmental operation. Maktabi thus has failed to show that the evidence compels a conclusion that the corruption was inextricably intertwined with governmental operation. See Thuri v. Ashcroft, 380 F.3d 788, 792-93 (5th Cir. 2004). Further, Maktabi has not demonstrated that he has a well-founded fear of persecution in Syria based on his political activities in this country because he has failed to establish that a reasonable person would conclude that Syrian authorities know that he has engaged in such political activity. See Abdel-Masieh v. INS, 73 F.3d 579, 584 (5th Cir. 1996).

Maktabi also has not demonstrated that he was denied a fair hearing before an impartial arbiter. See Matter of Exame, 18 I&N Dec. 303, 306 (BIA 1982). The comments that Maktabi complains of do not reflect a bias stemming from an extrajudicial source, but rather merely a candid observation that

Maktabi had not supported his case.  See Toscano-Gil v. Trominski, 210 F.3d 470, 474 (5th Cir. 2000).

PETITION FOR REVIEW DENIED.