IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 23, 2009

Charles R. Fulbruge III
Clerk

No. 07-61026
Summary Calendar

PHENSRI SRIBUNRUANG

Petitioner

v.

MARK FILIP, ACTING U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A98 774 633

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Phensri Sribunruang petitions for review of an order issued by the Board of Immigration Appeals (BIA) that dismissed her appeal of the Immigration Judge's (IJ) denial of her requests for withholding of removal and relief under the Convention Against Torture (CAT). Sribunruang first argues that the IJ deprived her of a full and fair hearing in violation of the Due Process Clause. She argues that the IJ did not allow her counsel to develop her claims and asked her closed-ended questions, reflecting his bias against her.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The Due Process Clause guarantees an alien a hearing before a fair an impartial arbiter. Matter of Exame, 18 I&N Dec. 303, 306 (BIA 1982). During immigration proceedings, an IJ is authorized to interrogate, examine, and cross-examine the alien. Calderon-Ontiveros v. INS, 809 F.2d 1050, 1052 n.1 (5th Cir. 1986); 8 U.S.C. § 1229a(b)(1).

The record does not support Sribunruang's argument that the IJ took a prosecutorial role and did not allow her to develop her claims. Sribunruang's counsel was allowed to question her extensively about her background, the facts leading to her arrival in the United States, and the events that occurred after her arrival. Sribunruang testified about her treatment by the sexual traffickers and her reasons for fearing to return to Thailand. The IJ interjected some questions during the hearing that were relevant in determining the validity of Sribunruang's claims. The IJ's questions and his rulings did not reflect any bias on his part. After finishing his questioning, the IJ encouraged counsel to further develop Sribunruang's claims, and counsel continued to examine Sribunruang. There is substantial evidence to support the finding that Sribunruang failed to establish a due process violation or that the IJ posed questions that exceeded the scope of his authority under § 1229a(b)(1). See Toscano-Gil v. Trominski, 210 F.3d 470, 474 (5th Cir. 2000).

Sribunruang argues next that she is entitled to withholding of removal because it is more likely than not that she will be persecuted if she returns to Thailand because of her membership in a particular social group, female victims of sex trafficking who have escaped from a sex trafficking ring.

To be entitled to withholding of removal under 8 U.S.C. § 1231(b)(3)(A), the alien must establish a clear probability of persecution by showing that persecution is "more likely than not." INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987). The alien must also show a nexus between the likely persecution and a statutory ground for relief. See Tamara-Gomez v. Gonzales, 447 F.3d 343, 350-51 (5th Cir. 2006).

We do not determine whether women subject to sexual trafficking satisfy the criteria as members of a particular social group. There is substantial evidence that the persons forcing Sribunruang into prostitution belonged to a criminal organization who were collecting a debt that she agreed to pay. There is no indication that the gangsters were forcing her to engage in the activity due to a belief she possessed or based on a characteristic that they were seeking to overcome. Thus, there is substantial evidence to support a finding that Sribunruang was not subject to past persecution. See Hongyok v. Gonzales, 492 F.3d 547, 549 (5th Cir. 2007); Faddoul v. INS, 37 F.3d 185, 188 (5th Cir. 1994).

In addition, Sribunruang has not shown that it is more likely than not that she will be persecuted if she returns to Thailand. Despite her escape from the traffickers in the United States in August 2003, Sribunruang has not been harmed by them nor has her family in Thailand been harmed. Contrary to Sribunruang's assertions, the Government presented evidence that public officials in Thailand would attempt to protect her if she returns and is threatened by the gangsters. There is substantial evidence in the record to support the denial of withholding from removal.

Sribunruang argues finally that she is entitled to relief under the CAT because forced prostitution is torture and she was forced to engage in sexual acts seven or eight times a day. She contends that the public officials are aware of the activity and breach their responsibility to intervene because they are paid bribes by the traffickers. To be eligible for protection under the CAT, an alien must establish that she would be subject to torture "by or at the instigation of or with the consent or acquiescence of a public official or person acting in an official capacity." 8 C.F.R. § 1208.18.

Sribunruang did not establish that Thai government officials would engage in or condone the torture of her as a trafficking victim. Although there is some corruption among lower level Thai officers, the country reports reflect that the Thai government is making significant efforts to control sexual

3

trafficking and to protect victims of the practice. There is substantial evidence in the record to support the denial of relief under the CAT.

Sribunruang's petition for review is DENIED.