# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60704
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 12, 2015

Lyle W. Cayce
Clerk

EMILIO AGUILA ALMA,

Petitioner

v.

LORETTA LYNCH, U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A022 776 119

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Emilio Aguila Alma petitions this court for review of an order by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for adjustment of status under the Cuban Adjustment Act. Alma argues that the immigration judge (IJ) violated his due process rights by failing to act as a neutral arbiter, refusing to accept a stipulation regarding his admission as a refugee made by the parties, and denying him the opportunity

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60704

to withdraw his admission that he was inadmissible or to litigate that issue after dissolving the parties' stipulation.

This court reviews due process claims de novo. *See Toscano-Gil v. Trominski*, 210 F.3d 470, 473 (5th Cir. 2000). To obtain relief, Alma must establish that a due process violation occurred and that the violation resulted in substantial prejudice. *See id.*

Alma has not pointed to any law suggesting that the IJ could not request evidence to support the stipulation. In any event, he has not shown how the IJ's actions violated his due process rights. The record reflects that Alma's due process rights were protected because he had both notice and an opportunity to be heard on the issue. *See id.* Indeed, Alma had notice at the October 4, 2012 hearing, a month before his final hearing, that the IJ was questioning his immigration status. Alma has not demonstrated that he was substantially prejudiced by his inability to challenge his inadmissibility. Consequently, he has not established a violation of his due process rights. *See id.*

The petition for review is DENIED.