# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60185
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 21, 2016

Lyle W. Cayce
Clerk

MARK CHIMWEMWE CHILEMBWE, also known as Mark Chilembwe, also known as Mark Chiugala,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A205-870-658

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Mark Chimwemwe Chilembwe petitions this court for review of an order by the Board of Immigration Appeals (BIA) determining that he was ineligible for adjustment of status. Chilembwe argues that he was entitled to an adjustment of status under 8 U.S.C. § 1255(a), or was entitled to a waiver of inadmissibility under 8 U.S.C. § 1182(h), despite his prior convictions.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Chilembwe also contends that he was deprived of his due process rights when he did not have an opportunity to be heard on the inadmissibility charges, and when the immigration judge (IJ) engaged in ex parte communication with Chilembwe and failed to recuse himself from the proceedings. We review factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001).

As to Chilembwe's first argument, he conceded that he was removable based on overstaying his visa under 8 U.S.C. § 1227(a)(1)(B), then sought an adjustment of status under § 1255(a), which required him to demonstrate that he was admissible to the United States. The Department of Homeland Security (DHS) presented evidence that Chilembwe was convicted of a number of criminal offenses, including possession of less than two ounces of marijuana, which was a controlled substance conviction that rendered Chilembwe inadmissible under § 1182(a)(2)(A)(i)(II). Chilembwe does not argue that this conviction did not render him inadmissible; instead, he contends that DHS was required, and failed, to prove that the § 1182(h) waiver did not apply. This is incorrect. *See Opie v. I.N.S.*, 66 F.3d 737, 739 (5th Cir. 1995). Further, as the BIA stated, Chilembwe neither requested a waiver of inadmissibility under § 1182(h) nor argued that his marijuana conviction for less than two ounces (approximately 56 grams) involved possession of less than thirty grams. By failing to address the BIA's conclusions that his marijuana conviction rendered him inadmissible and that he failed to request a § 1182(h) waiver, Chilembwe has abandoned any challenge to these issues by failing to brief them. *See Thuri v. Ashcroft*, 380 F.3d 788, 793 (5th Cir. 2004).

As to Chilembwe's due process arguments, he must establish that a due process violation occurred and that the violation resulted in substantial prejudice. *See Toscano-Gil v. Trominski*, 210 F.3d 470, 473 (5th Cir. 2000).

"[D]iscretionary relief from removal, including an application for adjustment of status, is not a liberty or property right that requires due process protection." *Ahmed v. Gonzales*, 447 F.3d 433, 440 (5th Cir. 2006). And even assuming that the IJ's alleged ex parte communication violated due process, Chilembwe fails to make any allegation that the violation substantially prejudiced his case. *See Toscano-Gil*, 210 F.3d at 473. Thus, Chilembwe has not demonstrated that his due process rights were violated. The petition for review is DENIED. Any outstanding motion is DENIED.