# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60090
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 26, 2016

Lyle W. Cayce
Clerk

NEVILLE OCHIENG RATEGO,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 300 412

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Neville Ochieng Ratego, a native and citizen of Kenya, petitions for review of the decision of the Board of Immigration Appeals (BIA) upholding the denial by the immigration judge (IJ) of his application for adjustment of status under 8 U.S.C. § 1255. He argues that the BIA erred in finding that he made a false claim to citizenship, which rendered him inadmissible and ineligible for adjustment of status, and that the IJ denied him due process.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60090

This court reviews the decision of the BIA and will consider the IJ's decision only to the extent it influenced the BIA. *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009). The BIA's legal conclusions are reviewed de novo, and its findings of fact are reviewed under the substantial evidence test. *Efe v. Ashcroft*, 293 F.3d 899, 903 (5th Cir. 2002).

Ratego raises the legal argument that lying on an application for private sector employment, as opposed to a government citizenship verification form, does not amount to falsely representing himself "to be a citizen of the United States for any purpose or benefit under this chapter (including section 1324a of this title) or any other Federal or State law." 8 U.S.C. § 1182(a)(6)(C)(ii)(I) (making aliens who do so inadmissible). But we have already rejected this argument, finding reasonable under *Chevron* deference the government's view that private sector employment is a "purpose or benefit" because the referenced statute (8 U.S.C. § 1324a) governs unlawful employment by private entities. *Theodros v. Gonzales*, 490 F.3d 396, 402 (5th Cir. 2007). Ratego's attempts to distinguish *Theodros* are unconvincing.

Ratego's due process argument contends that the IJ failed to adequately explain his burden of proof and the hearing procedure. Even assuming those inadequacies, Ratego cannot show that any due process violation resulted in substantial prejudice. *See Toscano-Gil v. Trominski*, 210 F.3d 470, 473 (5th Cir. 2000) (explaining that alien must establish that the due process violation resulted in substantial prejudice). To establish substantial prejudice, Ratego "must make a prima facie showing that he was eligible for [adjustment of status] and that he could have made a strong showing in support of his application." *Anwar v. I.N.S.*, 116 F.3d 140, 144 (5th Cir. 1997). Ratego does not address these criteria, instead asserting in conclusory fashion that he suffered substantial prejudice. By not properly briefing the issue of substantial

2

prejudice, Ratego has forfeited it. *United States v. Williams*, 400 F.3d 277, 283 (5th Cir. 2005) (holding that an issue is inadequately briefed where party cites to relevant case law, but fails to "argue explicitly how the standards set forth in the caselaw apply here"). And even if he had properly briefed the issue, Ratego could not make a strong showing of his entitlement to relief given the IJ's adverse credibility determination, the finding that Ratego had engaged in employment fraud, and the determination that Ratego was not entitled discretionary relief. Absent a showing of substantial prejudice, Ratego's due process claim fails.

The petition for review is DENIED.