# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60578
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 13, 2016

Lyle W. Cayce
Clerk

LINDA TAURAI CHAMBARA,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A098 710 923

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.
PER CURIAM:[*]

Linda Taurai Chambara, a native and citizen of Zimbabwe, petitions for review of the decision of the Board of Immigration Appeals upholding the denial by the immigration judge of her application seeking withholding of removal and protection under the Convention Against Torture. The immigration judge and the Board, each citing numerous inconsistencies and omissions in Chambara's two asylum applications and in her testimony at

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hearings, determined that she was not credible and that her claims for relief therefore failed.

Because the Board approved of and relied upon the immigration judge's decision, we may review the decisions of both. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Our review of rulings of law is *de novo*, and we review findings of fact for substantial evidence. *Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007). An immigration court's conclusion that an alien is not credible is a factual finding subject to review for substantial evidence. *Chun v. INS*, 40 F.3d 76, 78–79 (5th Cir. 1994).

Chambara argues that the Board's adverse credibility determination is not supported by substantial evidence because some of the inconsistencies noted did not go to the heart of her claim concerning the events that were the basis of her motion to reopen due to changed country conditions. This contention fails, as under the REAL ID Act, a court can rely on any inconsistency or omission to make an adverse credibility determination so long as the totality of the circumstances shows the applicant is not credible. *See Wang*, 569 F.3d at 538–39.

To the extent Chambara argues the immigration judge erred by failing to take into account the prejudice caused by her former attorney, who filed her first application for relief, her assertion is not supported by the record. Both the immigration judge and the Board of Immigration Appeals considered Chambara's contention that she did not prepare the account of events set forth in the application, but determined that Chambara had eventually signed the application, thereby attesting to its truth. An applicant's signature on an asylum application "establishes a presumption that the applicant is aware of the contents of the application." 8 C.F.R. § 1208.3(c)(2).

No. 15-60578

Accordingly, Chambara fails to establish that no reasonable fact finder could have made an adverse credibility determination in this matter. *See Wang*, 569 F.3d at 538–39. Absent credible evidence, Chambara failed to meet her burden for withholding of removal. *See Zhang v. Gonzales*, 432 F.3d 339, 345 (5th Cir. 2005). Further, Chambara's claim for protection under the Convention Against Torture was based on the same factual assertions as her claim for withholding of removal. Therefore, to the extent that Chambara challenges the denial of protection under the Convention, her claim fails on the basis of the adverse credibility determination discussed above. *See Efe v. Ashcroft*, 293 F.3d 899, 907–08 (5th Cir. 2002).

Chambara also claims that the Board of Immigration Appeals violated her Fifth Amendment rights. Aliens in immigration proceedings are entitled to due process under the the Fifth Amendment. *See Toscano-Gil v. Trominski*, 210 F.3d 470, 473 (5th Cir. 2000). To obtain relief, the alien must establish that the due process violation resulted in substantial prejudice. *Id.*

Here, although Chambara's brief provides the legal framework for a procedural due process claim, she fails to indicate how the Board of Immigration Appeals violated her due process rights in this matter, or how its actions caused substantial prejudice, aside from a conclusory and unsupported statement that she was clearly prejudiced by the court's actions. Because she has not properly briefed the issue, Chambara has waived it. *See United States v. Williams*, 400 F.3d 277, 283 (5th Cir. 2005).

Chambara's petition for review is DENIED, the Attorney General's motion for summary affirmance is GRANTED, and the alternative request for additional time to file a brief is DENIED.