# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2020

Lyle W. Cayce
Clerk

No. 19-60622
Summary Calendar

Albino Montoya-Velazquez, *also known as* Albino Montoya Velazquez,

*Petitioner*,

*versus*

William P. Barr, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 239 872

Before Wiener, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:*

Petitioner Albino Montoya-Velazquez petitions for review of a decision of the Board of Immigration Appeals (BIA). The BIA dismissed an appeal from an order of the immigration judge (IJ) denying asylum,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 19-60622

withholding of removal, and relief under the Convention Against Torture (CAT). In his appellate submissions, Montoya-Velazquez requests that this court remand the case to the BIA, contending, inter alia, that the BIA applied the incorrect standard of review to his claim for relief under the CAT. We deny the petition for review.

To establish a well-founded fear of future persecution, the applicant must demonstrate that: (1) he has a fear of persecution in his country of nationality because of an actual or imputed protected ground; (2) there is a reasonable possibility of suffering such persecution if he were to return to that country; and (3) he is unable or unwilling to return to or avail himself of the protection of that country because of such persecution. 8 C.F.R. § 1208.13(b)(2)(i). An applicant must satisfy both a subjective and an objective component to establish a well-founded fear of future persecution. *I.N.S. v. Cardoza-Fonseca*, 480 U.S 421, 431 (1987) (internal citations omitted). To meet the objective element of the test, the applicant must establish that (1) the applicant possesses a belief or characteristic that a persecutor would seek to overcome by punishment of some sort; (2) the persecutor is already aware, or could become aware, that the applicant possess this belief or characteristic; (3) the persecutor has the capability of punishing the alien; and (4) the persecutor has the inclination to punish the alien. *Zhao v. Gonzales,* 404 F.3d 295, 307-308 (5th Cir. 2005) (internal citations omitted).

The IJ concluded that although Montoya-Velazquez's fear was subjectively real, it was not objectively reasonable. Montoya-Velazquez contends that the IJ did not work through the "four-part framework" to determine whether his fear of persecution is objectively reasonable. Montoya-Velazquez further maintains that the BIA erred by not conducting a de novo analysis applying the four-part framework.

The IJ did not cite the four-part framework in his opinion, but it is apparent from the record that the IJ applied it. Because the IJ applied the proper framework, the BIA properly refrained from conducting a de novo analysis.

Montoya-Velazquez further asserts that the IJ engaged in predictive fact-finding not supported by the record to reach the conclusion that his fear is not objectively reasonable. Despite not weighing the evidence as Montoya-Velazquez would have preferred, the IJ's findings are based on substantial evidence. Nothing in the record compels a contrary conclusion. Montoya-Velazquez thus failed to establish eligibility for asylum relief. *See* 8 U.S.C. § 1101(a)(42)(A); *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

An applicant must bear a heavier burden of proof when seeking withholding than he must when seeking asylum. *See Orellana-Monson,* 685 F.3d at 518. An applicant who fails to establish eligibility for asylum thus fails to establish eligibility for withholding. *Id.* Montoya-Velazquez failed to establish eligibility for asylum, so he failed to establish eligibility for withholding of removal. *See id.*

Montoya-Velazquez also contends that the BIA applied the wrong standard of review to his CAT claim. He argues that the BIA reviewed his claim for "clear error" when a de novo standard of review should have been applied, so that this legal error requires that his case be remanded to the BIA for application of the correct standard of review. This argument lacks merit. The BIA used the clear error standard of review to analyze the IJ's factual findings regarding Montoya-Velazquez's claim for CAT relief. The BIA reviews the IJ's factual findings for clear error. *Alvarado de Rodriguez v. Holder*, 585 F.3d 227, 234 (5th Cir. 2009); 8 C.F.R. § 1003.1(d)(3)(I).

A claim for protection under the CAT requires the alien to show "that it is more likely than not that he or she would be tortured if removed to the

proposed country of removal." 8 C.F.R. § 208.16(c)(2); *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002). Despite his subjective fear, Montoya-Velazquez failed to establish that it was more likely than not that he would be tortured in Mexico. The IJ thus properly determined that Montoya-Velazquez is not entitled to relief under the CAT, and the BIA properly affirmed that ruling. *See* 8 C.F.R. § 208.16(c)(2); *Efe*, 293 F.3d at 907.

Finally, Montoya-Velazquez argues that the IJ omitted any consideration of evidence of his country's condition, depriving him of due process and resulting in substantial prejudice. This argument lacks merit. An order of removal will be reversed on due process grounds if an applicant establishes that his deportation proceedings were fundamentally unfair so that he was "denied the opportunity to be heard or present evidence." *Toscano-Gil v. Trominski*, 210 F.3d 470, 474 (5th Cir. 2000). Montoya-Velazquez's only evidence that the IJ did not consider the country condition evidence is that the IJ reached a conclusion contrary to the one he sought. That is insufficient to establish that Montoya-Velazquez was denied due process. *See id.*

PETITION FOR REVIEW DENIED.