# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 22, 2022

Lyle W. Cayce
Clerk

No. 20-60882
Summary Calendar

Godlove Nswohnonomi,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A203 600 698

Before Jolly, Willett, and Engelhardt, *Circuit Judges.*

Per Curiam:*

Godlove Nswohnonomi, a native and citizen of Cameroon, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing the appeal of a decision in which an Immigration Judge (IJ) denied his applications for asylum, withholding of removal, and relief under the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60882

Convention Against Torture (CAT). Nswohnonomi argues that the BIA erred by dismissing his appeal, contending that he established that he suffered past persecution at the hands of the Cameroonian government and has a well-founded fear of future persecution at the hands of the government based on his imputed political opinion and his membership in a particular social group. Nswohnonomi further asserts that the IJ did not act as a neutral arbiter, thereby violating Nswohnonomi's due process rights.

An alien must exhaust all administrative remedies available to him as of right before this court may review a final order. 8 U.S.C. § 1252(a)(1), (d)(1). Nswohnonomi failed to exhaust before the BIA, and we therefore lack jurisdiction to consider his claims that the Cameroonian government imputes a pro-separatist political opinion on most Anglophones, that the BIA failed to consider that the reason he was detained was a pretext for persecution, and that he was a member of a particular social group comprised of Anglophones. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir.2004).

Regarding Nswohnonomi's exhausted claims, we review the BIA's legal conclusions de novo and its factual findings under the substantial evidence standard, meaning that the findings must be based on the evidence and be substantially reasonable. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). "Under the substantial evidence standard, reversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (internal quotation marks and citation omitted).

Substantial evidence supports the BIA's decision that Nswohnonomi failed to show that he suffered past persecution. The conditions and treatment Nswohnonomi experienced during his 10-day detention by Cameroonian security forces were not extreme enough to compel a finding of past persecution. *See Tesfamichael v. Gonzales*, 469 F.3d 109, 117 (5th Cir.

2

No. 20-60882

2006). Further, based on the arguments properly raised to the BIA, we find no error in the BIA's determination that Nswohnonomi has failed to establish a nexus between his alleged harm and a protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(i); *Shaika v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009). Because Nswohnonomi failed to satisfy the asylum standard, he cannot meet the more stringent standard for withholding of removal. *See Orellana-Monson*, 685 F.3d at 518. Moreover, Nswohnonomi's assertions regarding his CAT claim are too speculative to support CAT relief for a specific individual and are therefore insufficient to compel reversal under the substantial evidence standard. *See Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010); *see also Revencu v. Sessions*, 895 F.3d 396, 401 (5th Cir. 2018).

Finally, because the IJ gave Nswohnonomi the opportunity to be heard and to present evidence at his merits hearing, he fails to establish a due process violation in connection with his argument that the IJ failed to act as a neutral arbiter. *See Toscano-Gil v. Trominski*, 210 F.3d 470, 474 (5th Cir. 2000).

The petition for review is DENIED IN PART and DISMISSED IN PART for want of jurisdiction.