# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 28, 2022

Lyle W. Cayce
Clerk

No. 20-60804
Summary Calendar

Mohin Uddin Mamun,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 443 184

Before Wiener, Dennis, and Haynes, *Circuit Judges*.

Per Curiam:*

Petitioner Mohin Uddin Mamun is a native and citizen of Bangladesh. He petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing the appeal of a decision in which an Immigration Judge (IJ) denied Mamun's applications for asylum, withholding of removal, and relief

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60804

under the Convention Against Torture (CAT). Mamun contends that the BIA erred in dismissing his appeal because he established that he had suffered past persecution at the hands of members of the Awami League and has a well-founded fear of future persecution by those members based on his political opinion. Mamun also challenges the denial of his CAT claim and asserts that the IJ did not act as a neutral arbiter.

We review the BIA's legal conclusions de novo and its factual findings under the substantial evidence standard, meaning that the findings must be based on the evidence and be substantially reasonable. *Orellana-Monson v. Holder*, 685 F.3d 511, 517-18 (5th Cir. 2012). "Under the substantial evidence standard, reversal is improper unless we decide 'not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it.'" *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006) (emphasis in original) (quoting *Zhao v. Gonzalez*, 404 F.3d 295, 306 (5th Cir. 2005)).

The BIA's determination that Mamun failed to demonstrate past persecution based on the cumulative effect of the threats and injuries he experienced is supported by substantial evidence. *See id.*; *see also Gjetani v. Barr*, 968 F.3d 393, 397-98 (5th Cir. 2020); *Majd v. Gonzales*, 446 F.3d 590, 595-96 (5th Cir. 2006); *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). He also had to demonstrate a well-founded fear of future persecution if removed to Bangladesh. As Mamun did not show that his attackers were government actors or sponsored by the government, it was his burden to show that relocation within Bangladesh was unreasonable. *See* 8 C.F.R. § 1208.13(b)(3)(i)-(iv); *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 445 (5th Cir. 2001). The BIA's determination that Mamun failed to make this showing is supported by substantial evidence. As Mamun has failed to satisfy the asylum standard, he cannot meet the more stringent standard for withholding of removal. *See Orellana-Monson*, 685 F.3d at 518.

No. 20-60804

Mamun's assertions regarding his CAT claim are conclusional and are supported only by general reports of conditions in Bangladesh. They are therefore insufficient to establish that "it is more likely than not [Mamun] would be tortured by, or with the acquiescence of, government officials acting under the color of law." *Hakim v. Holder*, 628 F.3d 151, 155 (5th Cir. 2010). Because Mamun's removal proceedings were not fundamentally unfair, his contention that the IJ failed to act as a neutral arbiter fails. *See Toscano-Gil v. Trominski*, 210 F.3d 470, 474 (5th Cir. 2000).

The petition for review is DENIED.