# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 28, 2022

Lyle W. Cayce
Clerk

No. 20-61198
Summary Calendar

Jose Martin Salazar Juarez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 152 017

Before Barksdale, Willett, and Duncan, *Circuit Judges*.

Per Curiam:*

Jose Martin Salazar Juarez, a native and citizen of Mexico, petitions for review the Board of Immigration Appeals' (BIA) affirming the Immigration Judge's (IJ) denial of cancellation of removal. Juarez challenges the BIA's determination that he did not legally qualify to be considered for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

cancellation because he failed to establish that his removal would cause exceptional and extremely unusual hardship to his four United States citizen children. (He does not challenge the denial of his request for voluntary departure and has, therefore, waived that claim. *E.g.*, *Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003) (explaining challenges not raised and briefed deemed abandoned).)

In considering the BIA's decision (and the IJ's decision, to the extent it influenced the BIA), legal conclusions are reviewed *de novo*; factual findings, for substantial evidence. *E.g.*, *Orellana-Monson v. Holder*, 685 F.3d 511, 517–18 (5th Cir. 2012). Under the substantial-evidence standard, petitioner must demonstrate "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion". *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).

The Attorney General may cancel the removal of a nonpermanent resident who meets certain statutory prerequisites, including demonstrating his removal "would result in exceptional and extremely unusual hardship to" his qualifying relatives. 8 U.S.C. § 1229b(b)(1)(D).

To prove exceptional or extremely unusual hardship, Juarez must demonstrate that his children "would suffer hardship that is substantially different from, or beyond, that which would normally be expected from the deportation of an alien with close family members here". *Matter of Monreal-Aguinaga*, 23 I. & N. Dec. 56, 65 (B.I.A. 2001). He has not made that showing or shown that the IJ or BIA erred in applying the pertinent legal standard. *Trejo v. Garland*, 3 F.4th 760, 775 (5th Cir. 2021) (explaining "alien must demonstrate a truly exceptional situation in which a qualifying relative would suffer consequences" (citation omitted)).

Because the hardship finding was dispositive, the BIA did not err by failing to address the other requirements for Juarez' cancellation claim,

including his good-moral-character assertion. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (explaining "[a]s a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach").

And, to the extent he claims the BIA violated his due-process rights, Juarez has not demonstrated that his deportation proceedings were fundamentally unfair or that he was "denied the opportunity to be heard or present evidence". *Toscano-Gil v. Trominski*, 210 F.3d 470, 474 (5th Cir. 2000).

DENIED.