# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2025

Lyle W. Cayce
Clerk

―――――――

No. 25-60211
Summary Calendar

―――――――

Yakov Kim,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

―――――――――――――――――――――

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A240 111 764

―――――――――――――――――――――

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Yakov Kim, a native of Uzbekistan and a citizen of Kazakhstan, petitions for review of a decision of the Board of Immigration Appeals (BIA) dismissing an appeal from an order of the immigration judge (IJ) denying asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60211

Kim's counseled brief is not entitled to liberal construction. *See Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986). Rule 28(a) of the Federal Rules of Appellate Procedure provides that the appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies." Fed. R. App. P. 28(a)(8)(A). In addition, this court's local rules require "every assertion in briefs regarding matter in the record to be supported by a reference to the page number of the original record . . . where the matter is found using the record citation form as directed by the Clerk of Court." *Arredondo v. Univ. of Tex. Med. Branch at Galveston*, 950 F.3d 294, 298 (5th Cir. 2020) (internal quotation marks, brackets, and citation omitted).

Kim's brief is deficient in several respects, including failing to support factual statements with citations to the record, failing to support legal propositions with pertinent legal authority, citing to incorrect pages of the record, and misstating the record. Given these deficiencies in Kim's brief, he has forfeited this court's review of the BIA's adverse credibility finding and his eligibility for CAT protection. *See Schnell v. State Farm Lloyds*, 98 F.4th 150, 161 (5th Cir. 2024) (stating that a party may forfeit an argument though inadequate briefing by failing to cite to pertinent legal authority or to the record).

In turn, the adverse credibility finding suffices to deny Kim's claims for asylum and withholding of removal. *See Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006) ("[F]ailure to establish eligibility for asylum is dispositive of claims for withholding of removal."). Insofar as he has adequately briefed the issue, his argument that the IJ and BIA wrongly denied his CAT claim based only on the adverse credibility determination is unavailing. The record demonstrates

2

that they considered Kim's documentary evidence and simply found it unpersuasive.

The Due Process Clause of the Fifth Amendment of the United States Constitution provides that no person shall be deprived of life, liberty, or property without due process of law, regardless of immigration status. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). An order of removal will be reversed on due process grounds if an applicant establishes that his deportation proceedings were fundamentally unfair such that he was "denied the opportunity to be heard or present evidence." *Toscano-Gil v. Trominski*, 210 F.3d 470, 474 (5th Cir. 2000). One who raises a due process claim in an immigration proceeding will not receive relief absent a showing of substantial prejudice, which requires establishing that the complained of action affected the outcome of the proceedings. *Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020). Due process claims are reviewed de novo. *De Zavala v. Ashcroft*, 385 F.3d 879, 883 (5th Cir. 2004).

Kim was not denied the opportunity to present testimony or other evidence. He testified during his merits hearing; the IJ granted him the opportunity to submit supplemental written evidence regarding his credibility following remand; and he did so. The IJ considered that evidence on remand but found it unconvincing. Further, other than generalities, Kim fails to explain how the failure to allow him to testify in a supplemental hearing caused him substantial prejudice. *See Santos-Alvarado*, 967 F.3d at 439.

The petition for review is DENIED. Counsel is reminded of her duty to adhere to this court's briefing standards and to accurately state the law and the facts. *See Matter of Cmty. Home Fin. Servs., Inc.*, 990 F.3d 422, 424 n.1

No. 25-60211

(5th Cir. 2021); *see also United States v. Dinh*, 920 F.3d 307, 311 n.4 (5th Cir. 2019).