# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2022

Lyle W. Cayce
Clerk

No. 20-60934

Thelipananthan Sivalingam,

*Petitioner*,

*versus*

Merrick Garland, U.S. Attorney General,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A201 573 050

Before Jones, Southwick, and Ho, *Circuit Judges*.

Per Curiam:*

In this immigration case, the petitioner argues he is entitled to relief from removal because the Board of Immigration Appeals erred when it evaluated his credibility, denied him a continuance to allow gathering more evidence, faulted him for the absence of corroboration of some of his claims, and failed to provide a better translator so he could understand the proceedings. We conclude there was no error and DENY his petition.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 20-60934

## FACTUAL AND PROCEDURAL BACKGROUND

Thelipananthan Sivalingam, a native and citizen of Sri Lanka, applied for asylum and withholding of removal, asserting, as relevant now, that he was persecuted on account of his race and political opinion; he also sought protection under the Convention Against Torture ("CAT").

Sivalingam testified in the hearing about two incidents in which he was detained by the "Army CID"[1] and beaten. He asserted his targeting was on account of his suspected membership in the Tamil Liberation Tigers, but he denied being a member. Sivalingam received medical treatment for the injuries suffered during his detentions. Sivalingam's assertions included that he had a well-founded fear of a "pattern or practice of persecution" because he is a Tamil. He also claimed that he would face persecution on account of imputed political opinion as a failed asylum seeker.

The immigration judge (IJ) determined that, under the totality of the circumstances, Sivalingam was not a credible witness. The IJ based her credibility finding on Sivalingam's evasive, incomplete answers to questions and his demeanor; the IJ also identified a specific inconsistency in Sivalingam's account. Further, the IJ faulted Sivalingam for failing to provide corroborating evidence of his claim, such as records of his medical treatments.

Based on the adverse credibility determination, as well as on a determination that the alleged harms did not rise to the level of persecution, the IJ determined that Sivalingam did not establish past persecution. The IJ

---

[1] In another case in which an alien claimed persecution in Sri Lanka and was represented by the same attorney who represents Sivalingam, this court's opinion stated that "CID" stands for the Criminal Investigation Department of the Sri Lanka Police. *Arulnanthy v. Garland*, 17 F.4th 586, 590 (5th Cir. 2021).

No. 20-60934

also determined that Sivalingam did not establish a well-founded fear of future persecution based on a protected ground. The IJ denied asylum and withholding of removal.

The IJ denied CAT protection based in part on the adverse credibility finding, but the IJ also determined that Sivalingam would not be entitled to CAT protection even if his testimony were credible.

On appeal, the Board of Immigration Appeals (BIA) determined the IJ did not clearly err in making an adverse credibility determination, citing the inconsistency in Sivalingam's account and the IJ's observations that he was evasive in answering questions. The BIA rejected arguments that any evasiveness was due to problems with the telephonic interpretation and that these problems violated his due process rights. The BIA also mentioned Sivalingam's failure to provide corroborating evidence. The BIA affirmed the IJ's denial of asylum, withholding of removal, and relief under CAT. The BIA also held that the IJ did not abuse her discretion in denying a continuance.

## DISCUSSION

Where, as here, "the BIA affirms the immigration judge and relies on the reasons set forth in the immigration judge's decision, this court reviews the decision of the immigration judge as well as the decision of the BIA." *Ahmed v. Gonzales*, 447 F.3d 433, 437 (5th Cir. 2006). "Factual findings are reviewed for substantial evidence, and constitutional claims and questions of law are reviewed *de novo*." *Tibakweitira v. Wilkinson*, 986 F.3d 905, 910 (5th Cir. 2021). The substantial evidence standard is deferential, meaning that "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483–84 (1992).

We now review each of Sivalingam's arguments.

### I.    *Asylum claim*

Sivalingam first argues that the IJ and BIA erred by denying his asylum claim based on the adverse credibility determination.  He asserts that his status as a failed asylum seeker is unaffected by the credibility finding, and also mentions his Tamil ethnicity — and his ethnicity in conjunction with his status as a failed asylum seeker — as other possible bases to support his asylum claim.  To qualify for asylum, an individual must establish either past "persecution or a well-founded fear of persecution" in the future.  8 U.S.C. § 1101(a)(42); 8 C.F.R. § 208.13(b).

As to past persecution, the IJ determined that Sivalingam's testimony should be given "little weight due to the adverse credibility finding."  Even considering that testimony, though, the IJ concluded Sivalingam's accounts of injuries and detention at the hands of the CID did not "rise to the level of persecution."  Sivalingam does not challenge the IJ's adverse credibility determination.  The IJ's findings as to past persecution, and the BIA's affirmance, are well-supported by the evidence and were not in error.

As to fear of persecution, the IJ determined Sivalingam's testimony and general country conditions evidence did not establish that he would be persecuted either as a suspected member of the Tamil Liberation Tigers or for his Tamil ethnicity.  The IJ also found that Sivalingam could relocate within Sri Lanka to avoid persecution.

The IJ also analyzed Sivalingam's request for asylum based on being a failed asylum seeker.  The IJ acknowledged that there was "evidence people who left the country illegally or to seek asylum may face persecution or harm" but then determined that there was not sufficient evidence to show this applied to Sivalingam.  That was because the evidence did not show he had departed Sri Lanka without authorization.  The IJ concluded that

Sivalingam failed to establish he would be persecuted in the future "for his race, [particular social group], or imputed political opinion."

These findings do not compel the conclusion that Sivalingam would be subject to future persecution. *See Elias-Zacarias*, 502 U.S. at 483–84. Moreover, to establish future persecution, Sivalingam needed to "demonstrat[e] a subjective fear of persecution that is also objectively reasonable." *Dayo v. Holder*, 687 F.3d 653, 658 (5th Cir. 2012). The IJ's broad adverse credibility determination, however, makes it impossible for Sivalingam to establish that he has a subjective fear of future persecution, because "[i]f *none* of [a petitioner's] testimony is taken as credible, then he [can]not establish a *subjective* fear of persecution." *Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021) (emphasis in original). Sivalingam therefore cannot show error in the denial of his asylum claim.

"Because the asylum standard is more lenient than the standard for withholding of removal," his failure to establish the requisite "well-founded fear for asylum eligibility" forecloses his claim for withholding of removal. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012).

## II.     Convention Against Torture claim

Sivalingam argues that the BIA erred by denying his CAT claim solely based on the adverse credibility finding. As he did with his asylum claim, he asserts that his status as a failed asylum seeker is an objective fact that is unaffected by the adverse credibility finding, and he also mentions his Tamil ethnicity in conjunction with his status as a failed asylum seeker as other possible bases to support his CAT claim.

Neither the IJ nor the BIA treated Sivalingam's credibility as dispositive. In evaluating the CAT claim, the IJ found that Sivalingam's country conditions evidence about the persecution of Tamils was not enough to establish he would "more likely than not" be tortured upon return. In

addition, the IJ found that even if Sivalingam were found credible, his testimony did not show "the requisite level of harm for a grant of protection under the CAT." The IJ also addressed Sivalingam's status as a failed asylum seeker and concluded he had failed to establish he would be tortured as a returning asylum seeker.

The BIA, too, did not rely solely on an adverse credibility determination to affirm the IJ's order. The BIA explained that Sivalingam had "not articulated how the documents in the record independently establish a claim for relief in the face of his lack of credible testimony." It then cited *Ghotra v. Whitaker*, 912 F.3d 284, 290 (5th Cir. 2019), which had concluded that documentary evidence, including "background reports on country conditions," did not corroborate his testimony or independently support his claims. We interpret the BIA's citing of *Ghotra* as informing that the same failure existed here. The BIA concluded that Sivalingam had not, leaving aside his not-credible testimony, provided "sufficient corroborating evidence to independently meet [his] burden of proof."

In sum, both the BIA and the IJ reviewed Sivalingam's evidence, including country conditions evidence, and determined that Sivalingam is not entitled to CAT relief. Consideration of the record does not compel another conclusion. *See Garcia v. Garland*, 28 F.4th 644, 648 (5th Cir. 2022). Thus, Sivalingam fails to show error in the denial of his CAT claim.

### III. *Motion for continuance*

At a hearing in February 2020, the IJ refused to admit documents that Sivalingam had filed after the deadline for submission of evidence. Relatedly, the IJ denied Sivalingam's motion for a continuance so that the late-filed documentary evidence could be considered.

Sivalingam challenges the refusal to grant a continuance. Among the documents he wanted to admit were his mother's affidavit, which the IJ

refused to accept because it was filed after the deadline. An IJ "may grant a motion for continuance for good cause shown." 8 C.F.R. § 1003.29. We review the IJ's denial of a continuance for abuse of discretion. *Ali v. Gonzales*, 440 F.3d 678, 680 (5th Cir. 2006).

Sivalingam contends the IJ's analysis of the request for a continuance was fatally flawed; he also asserts the BIA should have analyzed his request for a continuance by using a four-part test from the Ninth Circuit. We do not consider another circuit's test because we have our own. "Neither the BIA nor the IJ abuses its discretion so long as [the decision] is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so aberrational that it is arbitrary rather than the result of any perceptible rational approach." *Galvez-Vergara v. Gonzales*, 484 F.3d 798, 801 (5th Cir. 2007) (quotation marks and citation omitted).

Here, the BIA correctly determined that Sivalingam did not explain in his brief why he failed to submit the documentary evidence to the immigration court in a timely manner. Sivalingam's contention that he did not provide an explanation to the BIA because the BIA is not a factfinding body is no justification, as he likewise offered no explanation to the IJ for the tardy filing. Thus, Sivalingam has not demonstrated an abuse of discretion. His challenge to the denial of a continuance fails.

*IV. Corroboration*

Sivalingam next asserts that the BIA erred in its analysis pertaining to his failure to provide corroborating evidence. The BIA explained that the IJ identified "several documents not included in the record that she believed the respondent could have obtained, such as medical records or proof from his family that the Sri Lankan military continues to look for the respondent." Sivalingam argues that the IJ and BIA should not have expected him to provide corroborating evidence because the record demonstrates such

evidence is either nonexistent or unavailable.  He also emphasizes that his mother's affidavit, which was among the late-filed evidence the IJ refused to accept, establishes that the Sri Lankan armed forces continued to look for him after he left the country.

"[T]he IJ may require the submission of reasonably available evidence corroborating a claim for relief from removal," regardless of the credibility of the alien's testimony. *Avelar-Oliva v. Barr*, 954 F.3d 757, 764 (5th Cir. 2020).  Here, although Sivalingam testified that the medical clinic he visited for treatment in Sri Lanka did not provide him written documentation of his visits, the agency's adverse credibility determination indicates that his testimony as to the lack of documentation was not credible. "[U]nless the IJ or the BIA specify otherwise, an adverse credibility finding operates as a blanket rejection of *every* piece of testimony the applicant has offered." *Arulnanthy*, 17 F.4th at 596 (emphasis in original).  Further, the record shows that corroboration was available from Sivalingam's mother, but for unexplained reasons he did not provide evidence from his mother in a timely manner.  Of some relevance, Sivalingam was served with the notice to appear on September 5, 2019, then had until February 11, 2020, to submit evidence. He "has not shown that the record *compels* the conclusion that corroborating evidence . . . was unavailable." *Avelar-Oliva*, 954 F.3d at 769.

V.    *Due process*

Finally, Sivalingam asserts that his constitutional right to due process was violated by the existence of auditory and translation problems during his merits hearing.  To prevail on a due process claim, an alien must show "substantial prejudice." *Toscano-Gil v. Trominski*, 210 F.3d 470, 473 (5th Cir. 2000).

Sivalingam appeared before the IJ by video conference, while the interpreter participated in the hearing telephonically from a different

No. 20-60934

location. At many points in the hearing, Sivalingam expressed difficulty in understanding the interpreter, or the interpreter indicated that Sivalingam could not understand what was being said by participants in the hearing. Additionally, at one point, the interpreter began coughing.

Sivalingam contends that the difficulties with the interpretation service amounted to a violation of his due process rights. The record reflects that, when there was a difficulty in understanding, the question or answer was repeated; further, the interpreter was given a chance to recover from his coughing spell before the hearing proceeded. There was no due process violation.

The petition for review is DENIED.